*222 OPINION of the Court, by
Ch. J. Boyíe.
This was an action of trespass ri et armis, brought by Han-cock against Smith and Harris, for beating and wound-inga negro slave, the property of the plaintiff, whereby be afterwards died. The defendants pleaded severally not guilty, upon which issues were joined, and the de-fondant Harris offered an additional plea, in which he alleged in substance that the slave in the declaration mentioned was on the night of the day on which the trespass is supposed to have been committed, at an un-]⅞¾-⅛1 assembly of negroes at the house of John Smith, that the said defendant went with Smith to disperse said negroes, who were combining to rise and rebel against the free white citizens of this commonwealth, when the said negro in the declaration mentioned refused to surrender ; and the defendant being at the window of the kitchen of Smith, with a pitchfork in his hand, said negro struck at him with a club, and would have beat and wounded him if he had not defended himself; when he in his own defence struck the negro with the pitchfork, as he had a right to do : which is the same trespass in the declaration complained of, &c.
The plaintiff by his counsel objected to filing this plea, ;í¡K¡ t[,e court sustained the objection : to which opinion of the court the defendant Harris excepted.
.-The cause was then tried «pon the issues joined, and a verdict found for the rfelntiff; and a judgment being *223 given thereon against the defendants, they have appealed to this court.
⅛ trefpaft * ⅛. Mead-ed, and Wnnot be,glven ln ,e" general ¡abe."
That one ⅜«⅛1 plea was "J*fee ⅛ T“° jca¡ng another when ^ de-dme for pleading,
The ei’rors assigned are — -1st, That the action should have been case, and not trespass; 2d, that the declaration is defective in not alleging the slave to have been in the possession ol the piamtiif at the tune the injury complained of was done ; and 3d, that the court erred in rejecting the special plea offered by the defendant Harris.
1. The first point is clearly untenable. The act complained of was accompanied with force, and the damages resulting from it to the plaintiff were immediate, not consequential. In such a case trespass, and not case, is the proper form of action.
2. The second point is certainly not less untenable. The declaration alleges the slave to be the property of the plaintiff; and whether a slave is in this respect to be treated as real or personal estate, the allegation is sufficient, without alleging possession, as all the prece-dente of declarations to be found in the books of forms abundantly shew. Possession is no doubt necessary to enable the plaintiff to maintain the action, as was decided in the caso of Belmore vs. Caldwell, 2 Bibb 76. But an averment that he belonged to the plaintiff, prima fade implies a possession, and is therefore sufficient.
3. The third point made by the assignment of error is entitled to more weight. As the plea puiports to be an answer to the whole declaration, there is no doubt that to be good it must contain matter sufficient not only to justify the battery, but the wounding, whereby the death ofthe slave ensued. But such a wounding may unquestionably, under particular circumstances, be justified ; and we apprehend the circumstances alleged in the plea, are sufficient for that purpose. It is held that where a felony has been committed, that the offender may be seized or arrested, sot only by an officer, but by any private citizen, either with or without a warrant from a magistrate for that purpose; and if he will not suffer himself to be arrested, but stands on his own defence, he may be lawfully slain. — 1 Hawk. P.C. 106. Nor is the person in pursuit in such a case hound to give back, but may stand Jhis ground and attack the culprit. — Same 107.
If, as the plea asserts, the slave in this case was one of an unlawful assembly of negroes combining to rebel, he was guilty of felony, for .which he was liable to be pu *224 nished by death. — -See 4 Litteli 233. The act ofassetn-bly indeed makes the Crime consist in conspiring to rebel or make insurrection ; and, in a criminal prosecution it would perhaps be necessary to charge the offence in t.he words of the law. Bat in pleadings in a civil case less strictness is necessary. In such a case it is sufficient that the matter pleaded is substantially alleged; and as the averment that the slaves were combining to rebel, necessarily implies that they were conspiring to do so, it is sufficient in substance.
The defendant, therefore, might, according to the doctrine just referred to, not Only disperse such an unlawful assembly, and seize the individuals composing it, but if they refused to surrender and resisted by force, as is alleged to be the case with respect to the slave in question, he might lawfully slay such offenders. The plea therefore contains substantially the requisites to shew that the defendant was justifiable.
But it was contended that the plea ought not to have been received, because the defendant had before plead the general issue, on the trial of which he might give the special matter alleged in the plea in evidence. This argument is certainly incorrect. In actions upon the case, as the plaintiff can recover only according to his right under all the circumstances of the case, the defendant may upon the general issue give in evidence whatever tends to shew he has no' right of recovery. But in actions of trespass, as the act is prima facie unlawful, whatever tends to shew that it was justifiable, must be specially pleaded, and cannot be admitted in evidence on the general issue.
It was also objected that the plea ought not to have been received, because the defendant had tendered another special plea, which was rejected on the ground of its insufficiency. But this objection is certainly not entitled to any weight. It does not appear from the record that the cause had passed the stage at which the defendant had a right to plead ; and while he has a right to plead, the law allows him to file as many several pleas as he may think necessary for his defence; and most assuredly the rejection of one plea, because it was insufficient, can be no good reason for rejecting another ■which is sufficient.
Judgment revérsed with costs, and the cause remand* ed for new proceedings to be had not inconsistent with this opinion.