The Chief Justice
delivered the opinion of the court.
This was an action of ejectment, brought by the anpel- *494 lees against the appellant, to recover the possession of # tract of land of 10,000 acres.
4-made^beArfe the acts of 179Sibi-Unds ill d]C ÜCiV erss another', is vo:d.
On the trial, the parties made an agreed case, comprising the following facts: That, on the 10th day of August, 1786, a patent from the commonwealth issued to William Triplett and Henry Crutcher, for the tract of 10,000 acres, as described in the declaration, that on the 28th of July, 1795, Triplett and Crutcher conyeyed the same, by deed, with general warranty, to George Lewis: that Lewis after-wards conveyed the same to Thomas Forman; Forman to John Kercheval; Kercheval to Thomas Berry, and Beriy to the appellant: that, at the date of the deed from William Triplett and Henry Crutcher to Lewis, the said Trip* lett and Crucber were not, nor was either of them, in possession of the said tract of land, or any part thereof: that the appellant then w7as, and yet is, in possession of one thousand acres, part thereof, under a survey bearing date the 12th of October, 1790, on which a patent issued to Richard Overton, on the 20th of October, 1800: that William Triplett departed this life in 1805, leaving the appel-lees his heirs at law: and, that they áre within the provision of the acts of assembly, allowing time to infants to sue after their arrival at the age of twenty-one years.
On these facts, the cause was submitted to the decision of the circuit court, and the parties agreed, if th'e law was for the appellees, that judgment shall be,entered for them, to the extent of their interest; but if the law was for the appellant, that judgmebt should be entered for him.
The circuit court being of opinion that the law was with the appellees, gave judgment accordingly for one moiety of the land in the declaration mentioned.
The first question which arises on the facts agreed in this case *s»' whether the deed made'by the ancestor of the ap-pellees to Lewis, operated to pass the title of the land it purports to convey, and to what extent.
Ai fhí.'íii'ír.fdlí.nr txrn As the appellant was, at the time of the execution of the deed, in the adverse possession of a part of the land, it is clear, .that the title to the extent of the adverse possession could not pass by the deed; for, according to thé principles of the common law,, livery of seisin was necessary to pass an estate in land, and livery of seisin could only be made by one who was in possession, and although the statute of uses dispenses with the necessity of livery of seisin, by possession of the bargainor to the bargainee; iransisi’rii.gth *495 ^et it is evident the statute does not create a possession in the bargainor, but only operates upon the possession which he has at the time of the conveyance, and, consequently, if he is not in possession, the statute cannot transfer the possession to the bargainee. But it is not merely on this ground that the deed, in this case, is inoperative. To sell land to a third person, which is held adversely at the time of sale, as it tends to promote litigation and to disturb the peace of society, was an offence at common law, and prohibited under the penalty of fine and imprisonment; and in affirmance of the common law, the “act against conveying or taking pretenced titles,” was passed by the Virginia legislature, 1786. That act, which was in force when the deed under consideration was made, expressly inhibits any person from conveying or taking any title where the person conveying is not in possession, and imposes a forfeiture of the value of the land upon any one knowingly offending against its provisions. The deed, therefore, so far as it purports to convey the 1000 acres held adversely by the appellant, being made in violation both of the principles of the common law, and of the provisions of the statute, must be deemed void and inoperative. And it results, as a necessary conclusion, that the title to the 1000 acres did not pass by the deed, but remained with the grantor, and must, On Ins death, have descended to the appellees as his heirs. The deed, however, is no doubt good, to pass the title of the residue of the tract of 10,000 acres. For of that there does not appear to have been any adverse possession; and where there is no adverse possession, the patentee, before entry upon the land, has such a seisin as to enable him to convey, as was held in the case of Ewing’s heirs vs. Savary, 4 Bibb, 224. Except, therefore, as to the 1000 acres in the adverse possession of the appellant at the time of the execution of the deed, the appellees can have no right.
A warrany ty contained ln such deed, Use grantor,
The next question which occurs, is, whether the appel-lees are estopped, by the warranty of their ancestor, to assert their right to the 1000 acres, the title of which did not pass by the deed?
That the warranty cannot operate as an estoppel, we think there can be but little doubt ' A warranty is defined to be a covenant real, annexed to lands or tenements: Com. Dig. (title Garranty, letter A.) To make a warranty binding, therefore, it would seem to follow, from its very nature, that there must bo some estate conveyed, to which the war *496 ranty may be annexed. It is accordingly laid down, that it one covenant to warrant land to another, and make him no estate, or make him an estate that is not good, the warranty is void. Bac. Abr. title warranty, letter D. And if the warranty be void, it results that it cannot operate as an es-toppel. Besides, a deed can only be taken advantage of as an estoppel by those who are parties or privies; and as relates to the 1000 acres, the title of which did not pass, the appellant cannot be either a party or privy. He was evidently not a party to the deed, and he can have no pretext for being a privy, except in estate, and there can be no pri-vity of estate, inasmuch as there was no estate passed by the deed.
Upon the whole, therefore, tve are of opinion that the appellees were entitled to recover a moiety of the one thousand acres held by the appellant under Overton’s survey and patent, but no more; and that the judgment of the circuit court for a moiety of the 10,000 acres, is erroneous.
The judgment must be reversed with costs, and the cause remanded, that a judgment may be entered upon the agreed case, according to the foregoing opinion.