PATRICK HALLIGAN, Appellant, *v.* THE CHICAGO AND ROCK ISLAND RAILROAD COMPANY, Appellees.

### APPEAL FROM LA SALLE.

An allegation of trespass to two or more closes is allowable. A single trespass may be committed on several closes.

To maintain trespass *quare clausum fregit*, the plaintiff must have the actual or constructive possession of the premises. If occupied, the action must be brought by the party in possession; if unoccupied, by the party having title and right of possession.

If land trespassed upon is occupied by a tenant, he alone can bring the action.

If the trespass is prejudicial to the inheritance, the remedy is by action on the case.

If an allegation is equivocal, and two meanings present themselves, the one will be adopted that is most unfavorable to the pleader.

THIS cause was heard before LELAND, Judge, at November term, 1853, of the La Salle Circuit Court.

T. S. DICKEY and D. EASTMAN, for appellant.

CHUMASERO and TAYLOR, for appellees.

TREAT, C. J. This was an action of trespass *quare clausum fregit*, brought by Halligan against the Chicago and Rock Island Railroad Company. The first three counts of the declaration alleged in substance, that the defendant, on the first of January, 1853, broke and entered two closes, the property of the plaintiff, situated in the county of La Salle, and described as the west half of lot ten in block one hundred and fifty-two, and lot three in block sixteen, in the city of Peru, and pulled

down and destroyed two houses standing thereon. The fourth count alleged, that the defendant " on the day and year aforesaid, with force and arms, broke and entered the aforesaid closes of the said Patrick Halligan, and then and there ejected, expelled, put out, and amoved the said Patrick Halligan and his family and servants, and divers other persons, to wit, Michael Pendergast and Alexander Frinkler, tenants of the said Patrick Halligan, (said tenants then and there using and occupying said premises for hire, and paying unto the said Patrick Halligan therefor at the rate of one thousand dollars per annum,) from the possession, use, occupation, and enjoyment of the said premises, and kept and continued the said Patrick Halligan and his family and servants, and also his said tenants, so ejected, expelled, put out, and amoved, for a long space of time, to wit, from thence hitherto; whereby the said Patrick Halligan, for and during all that time, lost, and was deprived of the use and benefit of the said premises, and of the rents, issues, and profits thereof, accruing to the said Patrick Halligan from said tenants, to wit, at the county aforesaid, to the damage of the said Patrick Halligan." The defendant demurred to the declaration, and assigned as special causes of demurrer to the fourth count, that it alleged two distinct causes of action, and showed the *locus in quo* to have been in the possession of other parties. The court overruled the demurrers to the three first counts, and sustained the demurrer to the fourth count. The plaintiff thereupon entered *nolle prosequi* as to the first three counts, and the defendant had judgment on the demurrer to the fourth count.

The question in the case is, whether the fourth count shows a cause of action in the plaintiff. The first objection to the count is not tenable. An allegation of a trespass to two or more closes is allowable. A single trespass may be committed on several closes. If a party at the same time enters upon two closes belonging to another, he may be treated as guilty of but one trespass. The owner may, on a single count, recover damages commensurate with the injury. This count alleges an entry on both lots as one act, and is therefore not obnoxious to the charge of duplicity. See Tapley *v.* Wainwright, 5 Barn. & Ad. 395; Phythian *v.* White, 1 Mees. & Wels. 216.

To maintain trespass *quare clausum fregit*, the plaintiff must have the actual or constructive possession of the premises. The gist of the action is the injury to the possession. If the premises are occupied, the action must be brought by the party in possession; if unoccupied, by the party having the title and the right to the possession. The owner cannot maintain the action,

where the land is in the occupancy of his tenant. The trespass is a disturbance of the tenant's possession, and he alone can bring the action. Bac. Abr. Trespass, C. 3; 1 Chitty, Pl. 202; Campbell *v.* Arnold, 1 Johns. 511; Holmes *v.* Seeley, 19 Wend. 507; Bartlett *v.* Perkins, 13 Maine, 87; Roussin *v.* Benton, 6 Missouri, 592; Davis *v.* Clancy, 3 McCord, 422. If the trespass is prejudicial to the inheritance, the remedy of the owner is by an action on the case. He may, in that form of action, recover damages for any injury to the freehold. Bedingfield *v.* Onslow, 4 Levinz, 209; Jesser *v.* Gifford, 4 Burr. 2141; Lienow *v.* Ritchie, 8 Pick. 235; Brown *v.* Dinsmore, 3 N. H. 103; Randall *v.* Cleaveland, 6 Conn. 328; Hall *v.* Snowhill, 2 Green, N. J. 8.

If Pendergast and Frinkler were in the possession of the lots as the tenants of the plaintiff when the injury was committed, it is clear that they alone can maintain trespass. In such event, the entry was an interference with their possession. The plaintiff had no possession to be invaded. For any injury to the reversion, he has an adequate remedy in another form of action. The count in question does not disclose a state of case, that entitles the plaintiff to maintain the action of trespass. It shows that the lots were in the actual possession of his tenants. It alleges that his "tenants were then and there using and occupying said premises for hire, and paying unto him therefor at the rate of $1,000 per annum." This language clearly implies a leasing of the whole of the lots, and an exclusive possession thereof by the tenants. Nor is there any thing in the count that is necessarily inconsistent with the truth of this averment. It indeed alleges an expulsion of the plaintiff and his family from the lots. It may, however, be that they were temporarily on the premises as the guests of the tenants, or for some purpose consistent with an exclusive right in the tenants. If so, the injury complained of only amounted to a trespass to their persons. The count does not show such a possession in the plaintiff, as authorizes him to maintain trespass *quare clausum fregit.* It ought clearly to show that he had the actual or constructive possession of the premises or some part thereof. If the lease reserved a part of the lots, or if the plaintiff was at the time of the trespass in the exclusive possession of some portion thereof, the count should so have stated. As respects such portion, the action might be sustained. There was no occasion for the plaintiff to refer to the lease; but having introduced it into the declaration, it was incumbent on him to show that it did not conclude him from maintaining the action.

There are some cases which hold that trespass *quare clausum*

*fregit* may be maintained by the owner for an injury to the free-hold, though the land be in the possession of his tenant at will. Starr *v.* Jackson, 11 Mass. 519; Hingham *v.* Sprague, 15 Pick. 102; Curtis *v.* Hoyt, 19 Conn. 154; Davis *v.* Nash, 32 Maine, 411. And it is insisted that this action may be sustained on the authority of these cases. But there is a conclusive answer to. this position. It does not appear that the parties in posses-sion were the tenants at will of the plaintiff. The precise char-acter of the tenancy is not stated in the declaration. It is alleged that Pendergast and Frinkler were the lessees of the premises, paying rent therefor at the rate of $1,000 per annum. The inference from this statement is, that the demise was for a definite period, as a month or a year, rather than at the mere will of the lessor. In order to sustain the case on the ground indicated, it should distinctly appear that Pendergast and Frinkler were tenants at the will of the plaintiff. Intendments are not indulged to sustain a pleading. If subject to the charge of uncertainty or ambiguity, it is to be construed most strongly against the pleader. If an allegation is equivocal, and two meanings present themselves, the one will be adopted that is most unfavorable to the party pleading. 1 Chitty, Pl. 272; Stephen on Pl., 379.

The judgment is affirmed.

*Judgment affirmed.*