## THE ILLINOIS CENTRAL RAILROAD COMPANY

### *v.*

## CATHARINE GRABLE *et al.*

1. PARTIES—*of the joinder of husband and wife.* Where an injury is done to the freehold of a married woman, as in the erection of a nuisance adjacent thereto, and the married woman acquired the title to the premises prior to the passage of the act of February, 1861, and the land was in the joint occupancy of the husband and wife, then, in an action on the case for such injury, the husband and wife must join.

2. Or, if the wife acquired the title to the premises after the passage of the law of February, 1861, and such premises were in the joint occupancy of the husband and wife, and their joint rights were invaded, then also, they may join in an action on the case for such injury.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. CHARLES EMERSON, Judge, presiding.

The facts are sufficiently stated in the opinion of the court.

Messrs. ROBINSON & KNAPP, for the plaintiff in error.

Messrs. COLER & SMITH, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is insisted that there was a misjoinder of plaintiffs in this suit. The declaration contains the averment that Catharine Grable was the owner of the land, with the dwelling house thereon, used and occupied by herself and husband with their family, as their residence. That plaintiff in error, intending to injure, prejudice and aggrieve them and their family, in the enjoyment of the premises and dwelling of the said Catharine, did wrongfully build and maintain a cattle pen upon the land of plaintiff in error, near to the land of defendants in error,

and permitted large numbers of cattle, hogs, sheep, etc., to die and remain unburied in and about the cattle pen, and to rot, decompose, and to produce stenches and offensive smells, which entered into the dwelling of defendant in error, and rendered the same unwholesome and uninhabitable.

Plaintiff in error insists, that because it is averred that the premises were owned by the wife, she should alone sue for any injury to the freehold or its enjoyment. That under the act of February, 1861, she is entitled to sue for and recover her property, or for any injury it may sustain, without joining with her husband. And inasmuch as she may sue alone, that it is error to join the husband in the action. That it appearing from the averments in the declaration, that she was the owner of the premises, the misjoinder was the subject of demurrer, which should have been sustained.

It does not appear whether the wife acquired the property before or after the passage of that law. If before, then by the marriage relation, the husband became entitled to its possession during the marriage, and if a child were born of the marriage, then of an estate for life by the curtesy, and the passage of that law could not divest him of that right. It was such an estate vested in him as could not be transferred or obliterated by legislative enactment, and he was entitled to employ legal means for its protection.

But even if it had appeared that the wife acquired the title to the land after the passage of the law, still, if the possession and occupancy by the husband and wife were joint, and their joint rights were invaded, no reason is perceived why they might not sue jointly for the recovery of damages, for the joint injury. Where the husband and wife are in the joint occupancy of the wife's land, it is legal and as rightful as any other joint occupancy. He is there by right, and when his rightful possession is invaded, or it is rendered less valuable, he has the right to be compensated for the injury; and it cannot affect the right by showing that he is jointly possessed

with another. In this, the act of 1861, has not changed the law so as to require a recovery to be had in the name of the wife, for injuries he has sustained. He and his wife had the unquestioned legal right to reside together, even upon her land. And he had the legal right to reside there unmolested, and free from annoyance by the nuisances created by plaintiff in error.

Being legally on the premises, he had the right, whether as tenant or owner, or simply in joint possession with his wife, to recover damages for injuries to the enjoyment of the possession. The nuisances complained of were a joint injury to the husband and wife, and they, therefore, had the undoubted right to sue and recover jointly. It will be perceived that the question is not presented, whether the wife must sue alone for an injury to her separate real property in her sole possession, or must join with her husband, hence we have not discussed that question, and on it we express no opinion. The judgment of the court below is affirmed.

*Judgment affirmed.*