## The Indianapolis, Bloomington and Western Railway Company

### *v.*

## Walker McLaughlin *et ux.*

1. Married Woman—*what will be regarded her sole and separate property.* Where real estate was conveyed to a married woman in 1863, although the husband may have furnished the purchase money, it was *held,* that the title became as completely vested in the wife as her sole and separate property, as if it had been purchased with money derived from a stranger, and with which he had no connection, and that the husband had no estate therein during the coverture.

2. Parties at law—*injury to real estate.* Where a husband and wife are in the actual possession of land which is the sole and separate property of the latter, they may recover jointly for an injury to their possession; but for an injury to the reversion, the wife alone must sue.

3. Same—*injury to the possession of land.* The owner of the fee of land can not maintain an action to recover damages done to the possession of the property while in the occupancy of a tenant. He can recover only for injuries affecting the reversion.

4. Measure of damages—*to building erected after the construction of railroad on the lot.* Where, after the location and construction of a railroad over a portion of a lot, the owner erected a dwelling house upon the lot, in close proximity to the road, and occupied the same as a residence, it was *held,* that the owner, having built the house with full knowledge that it would be affected by the road, could not, in an action against the railway company, recover for the loss which he thus knowingly and voluntarily incurred by building the house near the railroad, but that, so

far as the house sustained a direct physical injury by the company, which it was its duty to avoid, as against all adjacent property, the owner was entitled to recover.

APPEAL from the Circuit Court of Tazewell county; the Hon. JOHN BURNS, Judge, presiding.

Mr. JOHN B. COHRS, for the appellant.

Messrs. ROBERTS & GREEN, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

This was an action of trespass *quare clausum fregit.* Judgment was given in the court below, for the plaintiffs, for $400, and the defendant brings the case here by appeal.

The plaintiffs are husband and wife, and the property, to recover for injuries to which the suit was brought, is a lot in Pekin, in Tazewell county, of which the wife is and has been seized in fee since the 25th day of September, 1863, at which time it was conveyed to her by deed of Teis Smith and wife.

The trespasses complained of are, the breaking and entering, at one corner of the lot, the inclosure which surrounded it. excavating a roadway for a few feet on it, and there running and operating the road of the defendant.

The excavation was made in 1868, and the road was completed and cars commenced running thereon in 1869. and it has thence continuously been run and operated as a railroad.

There was no dwelling house on the lot when the road was completed, but in the fall of 1870 a dwelling house was erected upon it, at a cost of about $900. The plaintiffs occupied the house as a residence in the winter of 1870–1, but the balance of the time. since the building of the house. the property has been in the occupation of tenants, who have paid rent therefor at the rate of from $10 to $12 per month.

During the progress of the trial, and while the plaintiff Walker McLaughlin was being examined as a witness on

behalf of the plaintiffs, he was asked this question: "What do you think the damage is, done to that lot, by reason of the ground and earth that has been taken, and by reason of the construction and operation of the railroad that is running there now?" The defendant's counsel objected to so much of the question as related to the ground taken. The objection was overruled, and exception taken. The witness then answered, "About $700."

The court, also, at the instance of the plaintiffs, instructed the jury as follows:

"The court instructs the jury that, if they believe, from the evidence, that the Indianapolis, Bloomington and Western Railway Company, before the commencement of this suit, and while plaintiffs were in possession of lot 12, in block 97, in the original town, now city, of Pekin, without authority of same or authority from the owner thereof, or a person or persons in possession thereof, did a permanent injury to said lot 12, or dug out or excavated the earth from said lot 12, and, by reason of defendant's negligence in repairing its said track and operating its railway, injure plaintiffs in their possession of said lot (if they were then in possession), then plaintiffs are entitled to recover such damage for such acts of defendant as the jury, from the evidence, believe they are entitled to, notwithstanding the Danville, Urbana, Bloomington and Pekin Railroad Company did originally enter upon, excavate and build its railroad on said lot."

Proper exception was also taken to this ruling of the court. The question is thus fairly presented, can the plaintiffs, under the facts stated, recover jointly, as well for a permanent injury to the realty, and injury to the possession, where the property was in the possession of tenants, as for injury to the possession where they actually occupied the property?

It is plain, Walker McLaughlin had no title to the property. Although he may have furnished the money to purchase the property, there being no question as to the rights

of third parties who might be prejudiced thereby, the title became as completely vested in his wife, as her sole and separate property, as if it had been purchased with money derived from a stranger, and with which he had no connection. *Haines* v. *Haines,* 54 Ill. 74. He did not have an estate during coverture, and as there is no evidence of the birth of issue, he was not even *tenant by the curtesy initiate. Cole* v. *Van Riper,* 44 Ill. 65. He could, then, have had no other interest in the property; in common with his wife, than that of possession, and for an injury to this, he might, unquestionably, recover jointly with her. *I. C. R. R. Co.* v. *Grable,* 46 Ill. 445. But he has no interest in the reversion, and for any injury to it, the owner must sue. *Halligan* v. *The C. and R. I. R. R. Co.* 15 Ill. 558.

"Where the injury is of a permanent nature, and deteriorates the marketable value of the property, so that if the landlord or reversioner was to sell it, it would fetch less money in the market, there is a damage to the reversionary estate, in respect of which the reversioner may maintain an action on the case." Addison on Torts, 289.

But, even if the plaintiffs were joint owners in fee of the lot, they could not recover for damages done to the possession of the property while it was in the occupation of a tenant. For injuries then done affecting the reversion, they could recover, but not for injuries affecting the possession. *Cooper* v. *Randall et al.* 59 Ill. 317. We are, therefore, of opinion there was error, both in permitting the witness to answer the question objected to, and in giving the instruction.

What, to our apprehension, is a preponderance of the evidence, shows the value of the lot, when the road was constructed, was considerably less than the amount of the judgment, as rendered. Evidence was given, which must, therefore, have materially influenced the jury, showing the damage to the house, as well as to the other property, by reason of the construction and operation of the road, and the instruc-

tion which we have quoted authorized such damage to be taken into consideration by the jury.

We think this was all improper. It is sought to be sustained upon the authority of *The City of Aurora* v. *Reed et al.* 57 Ill. 30. The cases are not parallel. There, it was the duty of the city to so drain the streets as not to injure private property, and property owners were authorized to act upon the assumption that duty would be discharged, and if the drainage was then insufficient, it would be properly improved. Here, on the contrary. when the defendant's road was constructed, it owed no duty to remove it. · At most, it was under a simple obligation to pay the owner of this lot the amount of damage she had sustained by the location. The inconvenience and injury which the fact of its being built and operated where it was, would occasion to the property and any improvements which might be placed on it, were as patent to observation then as they are to-day. Access to the property by the alley was then cut off, and the inconvenience to persons residing within the distance the house is from the road, on account of the noise, smoke, etc., were as obvious then as since.

Having built the house with full knowledge that it would be affected by the defendant's road precisely as it has been, it is contrary to all principle that the plaintiffs should be allowed to recover for the loss which they have thus knowingly and voluntarily incurred.

So far as the house may have sustained a direct physical injury, done it by the defendant, which it was its duty to avoid, as against all adjacent property, the owner is entitled to recover, but there can be no recovery for those injuries which are simply the necessary result of the house being built in such close proximity to the defendant's road.

We deem the other errors assigned unimportant.

The judgment is reversed and the cause remanded.

*Judgment reversed.*