# CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY
## v.
## ADOLPH LOEB.

1.  RAILROADS—INJURY TO ADJACENT PROPERTY.—In an action against a railroad company for injuries to adjacent property caused by the running of trains, where the declaration alleges an injury to the possession of plaintiff, he must prove possession of the premises, the injurious act alleged to have been done, and the damages resulting therefrom.

2.  INJURY TO REVERSIONARY INTEREST.—To recover for an injury to a reversionary interest, such interest must be set out in the declaration, and it must be shown that the injury is of such a permanent nature as to be necessarily injurious to the reversion.

3.  PERMANENT INJURY—RIGHT OF ACTION IN FORMER OWNER.—The evidence tending to show a permanent injury resulting from the construction and operation of the railroad, such injury was effectuated when the road was constructed and first put in operation, and any right of action therefor vested in him who was then the owner of the premises. His grantee cannot maintain such action.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed June 14, 1881.

This was an action on the case by Loeb the appellee, against The Chicago and Eastern Ilinois R. R. Co., the appellant.

The gist of the action as set out in the declaration is, that June 15, 1875, plaintiff was possessed as of his own property of certain premises with dwelling-house thereon, fronting on a public street of the city of Chicago, known as Carroll avenue; that from that time to bringing the suit, the defendant had wrongfully and unlawfully maintained and operated railroad tracks in, upon, along, and diagonally across said street in front of and near to plaintiff's premises by means of cars and steam engines, whereby ingress and egress to his said premises was interrupted, smoke, cinders and ashes, cast and thrown thereon; that said premises were in constant danger from fire emitted from such engines, and injured by the jarring and shaking produced by the operating of such railroad, and rendered unfit for residence, etc.

The case was tried by jury under the plea of not guilty, resulting in a verdict for plaintiff for one thousand dollars, from which the plaintiff remitted one dollar, and the court overruling the defendant's motion for a new trial, gave judgment for $999, from which defendant appealed to this court.

There was no evidence offered tending to show any negligence on the part of defendant or that the injury complained of was other than such as was the necessary and natural result of operating such railroad in a careful and proper manner.

The plaintiff testified that the railroad was built in 1872 by the Danville Company, and that the defendant corporation came into the occupancy and use of it, in September 1877; and evidence was given tending to show that prior to that time it was operated by the Chicago, Danville & Vincennes Co. It also appeared from plaintiff's own testimony that he had no interest in the premises in question, at the time the railroad was constructed and first put in operation, but that he acquired his title some time in the year of 1874 or 1875. It also appeared that the plaintiff had never been in the occupation of his premises himself, but that they had been occupied by tenants. Upon the question of damages the court below permitted the plaintiff to give evidence of injury to the dwelling by jarring of passing trains; also as to what was the market value of the premises on the 9th of June 1880, with the railroad there in full operation. That was the date of the commencement of the suit. The witness put it at forty dollars per foot for the land. The witness was then asked what it would be worth prior to the location and operation of the railroad, say in 1875. To this defendant objected, and the witness answered that the land would be worth eighty dollars per foot. He was then asked what it would have been worth in 1877 without the railroad there at all. The witness answered that the land would have been worth the same without reference to the improvements. To all this evidence the proper objection and exception was taken. Witness was further asked what the property was worth just as it stood at the time of the commencement of the suit, June 9th, 1880, with the improvements. He answered, five thousand dollars. Then followed this question: What would it have been worth in 1877, if no railroad

were there, take the land and buildings together? To this he answered: well, I should think from eight to nine thousand dollars. This was likewise admitted against defendant's objections and exceptions.

Mr. HENRY CRAWFORD, for appellant; that damages can be recovered for direct injuries alone, cited C. B. & Q. R. R. Co. v. McGinnis, 79 Ill. 269; C. M. & St. P. R. R. Co. v. Hall, 90 Ill. 45.

The cause of action if any, became vested in appellee's grantor, it appearing that the injury was of a permanent nature: Pomeroy v. C. M. & St. P. R. R. Co. 25 Wis. 641; Rand v. Townsend, 26 Vt. 670; Lewis v. R. R. Co. 11 Rich 91; Ill. Cent. R. R. Co. v. Allen, 39 Ill. 209; I. B. & W. R'y Co. v. McLaughlin, 77 Ill. 279.

As to the rule of damages: St. L. & S. E. R'y Co. v. Teters, 68 Ill. 144; Heard v. Middlesex Canal, 5 Met. 81; Call v. Co. Com'rs, 2 Gray 232; E. L. & B. S. R. R. Co. v. Combs, 10 Bush, 393; J. M. & I. R. R. Co. v. Erharte, 13 Bush, 669.

Mr. H. O. McDAID, for appellee.

McALLISTER, P. J.   When reduced to its proper elements, the action set out in the plaintiff's declaration is a mere action on the case to recover damages for an alleged nuisance to plaintiff's dwelling house and land, either caused or continued and maintained by the defendant.   The case, however, was so loosely tried on both sides, that regard for the essentials of such a cause of action, is scarcely discernible in the record, except one—the damages.   The plaintiff in his declaration counts merely upon his possession: his proof not only totally fails to show that he ever had possession, but tends strongly to show a mere reversionary interest, for an injury to which he could not recover under his declaration, as it stood counting only upon possession.   In such case the plaintiff, to recover, was bound to prove (1) his possession of the house and land; (2) the injurious act alleged to have been done by the defendant; and (3) the damages thence resulting.   2 Greenl. on Ev. Sec. 470; 2 Starkie on Ev. 741.

To recover for an injury to a reversionary interest would require a declaration differently framed. The reversionary interest

must not only be set out, but the declaration must allege that the injury was done to the damage of the reversion, or must state an injury of such a permanent nature as to be necessarily injurious to the plaintiff's reversion. Jackson v. Pested, 1 Maule & Sel. 234; Tinsman v. The Belvidere Del. R. R. Co. 1 Dutcher (N. J.) 255; 2 Chit. on Pl. 777, note p.

The plaintiff's evidence is wholly wanting in respect of one essential element of his cause of action, viz: possession of the dwelling-house and land described in his declaration.

But concede, for the sake of the argument, that he could recover under the present declaration for an injury to his reversionary interest, then how does the case stand? In such case the injury must be of a permanent nature, because the plaintiff could not recover damages done to the possession while the property was in the occupation of a tenant. Cooper v. Randall et al. 59 Ill. 317; Indianapolis, B. & Western R. v. McLaughlin et ux. 77 Ill. 275.

The court below permitted the plaintiff, against defendant's. objections, to introduce evidence tending to show a permanent injury to his reversion resulting from the construction and operation of the railroad on Carroll avenue, in front of and near to plaintiff's alleged dwelling house. But the case shows that the railroad was constructed and put in operation by a railroad corporation other than defendant, some two years before the plaintiff had any pretended connection with the dwelling house and land in question. The cause of the injury being permanent in its nature, then, so far as the premises in question are concerned, the injury was effectuated when the railroad was constructed and first put in operation. That being the case, the right of action for such injury became vested in him who was the owner of the premises at that time; and his grantee cannot maintain an action for the continuance of the cause of the injury, although such former owner may not have brought any suit for the original injury. The Chicago and Alton R. R. Co. v. Maher, 91 Ill. 312.

For the error in admitting said testimony and overruling the defendant's motion for a new trial, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.