# CHARLESTON.

CLAY *et ux. v.* CITY OF ST. ALBANS.

Submitted January 18, 1897—Decided April 30, 1897.

| 43 | 539 |
|----|-----|
| f46 | 443 |
| 43 | 539 |
| 47 | 317 |
| 47 | 318 |
| 43 | 539 |
| e57 | 136 |
| 43 | 539 |
| 58 | 285 |
| 58 | 288 |
| 43 | 539 |
| j66 | 538 |
| j66 | 662 |

1. PLEADING—*Title—Posession.*
   Pleadings must show title. This rule is met, in declarations in trespass or case for injury to property, real or personal, by alleging a possession as indicated below, without stating the plaintiff's estate. (p. 540.)

2, SEISIN—*Freehold Estate.*
   The word "seisin" imports a freehold estate, either for life or in fee. (p. 541.)

3. POSSESSION—*Trespass—Case—True Owner.*
   Actual possession of land will sustain trespass or case against any but the true owner entitled to possession, or one acting under him. (p. 542.)

4. HUSBAND AND WIFE— *Wife's Separate Estate—Maintenance of Actions.*
   A wife, or she and her husband, may maintain trespass for damages to both possession and the inheritance, where there is a conveyance of the land to a trustee to permit her to have possession and use of land, though she is vested with only equitable title. (p. 542.)

5. HUSBAND AND WIFE—*Wife's Separate Estate—Maintenance of Action.*

A married woman may sue alone, or she and her husband together, at law or in equity, in any action or suit concerning her separate estate. (p. 543.)

6. MUNICIPAL CORPORATIONS—*Surface Water—Damages.*

If a city or town, by gutters, drains, or otherwise, collect surface water and cast it in a body on land, it is liable in damages. (p. 544.)

7. MUNICIPAL CORPORATIONS—*Surface Water—Act of God.*

If a city or town negligently fails to keep its existing drains and gutters open and clear of obstructions, and in condition to carry off the water in them, and by reason thereof land is injured from their overflow, the city or town is liable in damages, provided the overflow is not due to an unusual or extraordinary storm or rainfall. (p. 546.)

Error to Circuit Court, Kanawha County.

Action by M. C. Clay and wife against the city of St. Albans. From a judgment for plaintiffs, defendant brings error.

*Reversed.*

WARTH & BRIGGS and BROWN, JACKSON & KNIGHT, for plaintiff in error.

S. C. BURDETT and · E. W. WILSON, for defendant in error.

BRANNON, JUDGE :

This was an action of trespass on the case by M. C. Clay and Amanda Clay, his wife, against the city of St. Albans, to recover damages for injury caused by the flow of surface water upon a lot occupied by them, resulting in judgment against the city, which sued out this writ of error.

The declaration is attacked on demurrer because it fails to plead the title of the plaintiffs,—not showing whether they claim in fee, or for life or years, in present or future estate. It is plain that a declaration must have legal certainty in all material elements. It must tell wherein and how the plaintiff has been injured; if in property, it must tell what property right has been invaded. This is but the common, basic rule of the law of pleading applicable to declarations and other pleadings, "that the pleadings must show title,"—not title in the common-speech meaning (that is, deeds or

other muniments of title), but their results; the right flowing from them; the right, estate, or property interest wherein the party has been harmed. "When, in pleading, any right or authority is set up in respect of property, personal or real, some title to that property must, of course, be alleged in the party, or in some other person from whom he derives his authority. So, if a party be charged with any liability in respect to property, his title to that property must be alleged." Steph. Pl. 286; 4 Minor, Inst. 1182. But how is the title to be pleaded? This is a practical question, often of perplexity. Counsel claim that this declaration should say whether the estate is in fee, for life, for years, in remainder or reversion, as the case may be; but I do not think so, for it is well settled that, where there is an injury to a present estate in real or personal property, an allegation of possession by the plaintiff is a sufficient pleading of title; and it will do to allege that personal property was "the goods and chattels of the plaintiff," or that he was "lawfully possessed of certain goods and chattels, that is to say" (specifying them); and in case of realty it will answer to say that the land was "the close of the plaintiff," or that "he was lawfully possessed of a certain close" or "a certain tract of land" (specifying it). Steph. Pl. 286; *McDodrill* v. *Lumber Co.,* 40 W. Va. 564, (21 S. E. 878). Standard forms show this. Under such statement of title any kind of right or estate in possession, fee simple, for life, or for years, may be shown, but not a future estate, in other words, that mode of statement imports an immediate estate or property. This must be so, because one in possession has some kind of immediate estate in present enjoyment, and possession is an element of title, and *prima facie* evidence of good title to some kind of estate, and possession alone will support trespass. If the estate injured is a remainder or reversion, though vested, yet not vested in actual possession, you must allege such estate in proper manner. In some cases it is necessary to set out the derivation of title and the estate, as in certain pleas; but generally not in declarations, and not in those for injury to property. Now, test this declaration by these principles. It avers that Amanda Clay was "seised, and, together with the plaintiff M. C. Clay, her husband, has been during all that time, and

still is, possessed, of a lot of land." Here is an aver-
ment of possession, and, though it does not say of what
estate they were seised and possessed, yet it imports some
immediate, present estate, not a future one, and is good,
under the doctrine above given. Possession alone is suffi-
cient to maintain tresspass or case against a wrong-doer.
Steph. Pl. 287; *Wilson* v. *Manufacturing Co.*, 40 W. Va.
413, (21 S. E. 1035).

As to the point that the declaration does not aver that
the town collected surface water and cast it on the lot: It
does sufficiently do so. It is clear that the town has a
right to get rid of surface water, but it must not collect it
in bodies, and cast it on property, changing its former
flow. This declaration says that "by means of negligence
and improper construction of ditches, *etc.*, great bodies of
surface water, changed in course, were turned and cast
upon" the lot.

Counsel next say that there is a variance between dec-
laration and proof. The declaration goes for permanent
damages to the freehold, and alleges a freehold estate in
the wife, whereas the evidence shows a deed to a trustee
to hold upon trust to permit Mrs. Clay to hold, use, and
occupy the lot for her own separate use, free from claims
or debts of her husband, and to convey it as she might by
will or writing direct, and, on failure to do so direct,
then to convey to her heirs. The trustee holds the legal
title; the wife, the full use and benefit. The deed ante-
dates the Code of 1868, which contained our first separate
estate act; but under priciples of courts of equity without
the help of that statute, it is her separate estate under
such a deed. *West* v. *West*, 3 Rand. 373; *Lewis* v. *Adams*,
6 Leigh, 320; Code 1868, c. 66, s. 1. At first blush it would
seem to be a variance, but is it so for the purposes of this
suit? This depends on the question whether the plaintiffs
can maintain this action; for, if so, there is no available
variance. They could surely recover for disturbance of
possession, mere possession being sufficient to support tres-
pass. And, even in states where the husband and wife
cannot join in an action for injury to her separate estate,
they may, on their common possession, recover for injury
to that possession, though not for injury to the very prop-
erty itself,—the *corpus* or inheritance. *Railway Co.* v.

*McLauyhlin*, 77 Ill. 275; *Railroad Co.* v. *Grabill*, 46 Ill. 445; *Noyes* v. *Hemphill*, 58 N. H. 537; *Lyon* v. *Railway Co.*, 42 Wis. 548. But can they recover damages to the body of the estate? It is contended they cannot join in an action for injury to her separate estate. As he has no interest in her separate property, and the action must generally be in the name of the person holding title, one would think it would be misjoinder for both to sue. Many eminent authorities so hold, but many hold that they can unite in suits on contracts with her, or concerning in any wise her separate estate. In this State they may sue together, or she may sue alone. *McKenzie* v. *Railroad Co.*,27 W. Va. 306; *Fox* v. *Insurance Co.*, 31 W. Va. 374 (6 S. E. 929). But there is the legal title in the trustee, not in her. She has only an equitable title, and, under general principles, it is a stranger to a court of law, that court knowing only the legal title. Realty conveyed to a wife under our statute gives her legal title, but this case is a deed of trust prior to that act, and the wife has an estate only in equity. Chapter 66 of the Code provides that a trustee holding land in trust for a married woman may convey it to her on order of a court; showing that that legislation, in such a case as this, looks upon the trustee as holding legal title notwithstanding that chapter. 1 Perry Trusts, § 328, says: "As the legal title is in him [the trustee], he alone can sue and be sued in a court of law, and the *cestui que* trust, the absolute owner of the estate in equity, is regarded in law as a stranger. * * * A trustee may also maintain an action for any trespass upon the land; but, if the *cestui que* trust is in the actual possession, he may maintain an action for an injury to the possession." "Suit must be in the name of the party vested with legal title, though the equitable interest be in another. Suth. Dam. § 130. Many authorities to same effect. Hill, Trustees, 274, 316: *Bakersfield* v. *Baker*, 40 Am. Dec. 668; *McRaeny* v. *Johnson*, 2 Fla. 520; note to *Doggett* v. *Hart*, 58 Am. Dec. 472; *Poage* v. *Bell*, 8 Leigh, 604; *Taylor* v. *King*, 6 Munf. 358; Dicey, Parties, 333, 340. But in *McKenzie* v. *Railroad Co.*, 27 W. Va. 306, trespass by a married woman was sustained upon an equitable title,—a deed to her from her husband, void at law, vesting her with an estate in equity only. JUDGE SNYDER said—what is exactly true in this

case, upon the deed involved—that the wife was the absolute owner in fee of the entire beneficial estate; the husband, a mere trustee holding legal title without beneficial interest; that, if she had the legal estate, she would be entitled to recover; that she would be entitled to the damages recovered; that the wife being, by reason of possession, entitle to maintain the action, and, by reason of her equitable ownership, entitled to the damages, and as no other action could be brought by the husband, but he would be barred by this, she could recover. This would make the judgement in favor of the wife beneficiary *res judicata* against the trustee in a court of law. Certainly it would in equity, as it would not allow a second action. Hence we hold that these plaintiffs may maintain this action, and there is no variance, upon the face of said former decision. If this be open to technical objection, it attains justice on this point, though it seems to go further than the general rule.

I think there is no tenable objection to the evidence of McComas giving his opinion as to damage. *Jordan* v. *City of Benwood*, 42 W. Va. 312 (26 S. E. 266).

Plaintiffs' instructions: The omission of the words "for public use" in No. 1, instructing that property can neither be taken nor damaged without just compensation, is very plainly immaterial. There was no hint or shadow of a taking or damaging for private use before the jury. How could a sensible jury possibly be misled by it? It would apply to the case before the court. Besides, property cannot be taken either for private or public use without compensation. Instruction 2 tells the jury that "if the injury was caused by the natural flow of the water being changed and cast upon plaintiff's property by the cuttings, or extending drains or ditches, or by filling in the street, or by any or all such causes combined, the defendant is liable." This instruction is ambiguous. For what is a mere change of the flow of surface water incident to the proper work of improvement, even though it do injury to a land owner, if it still spreads out as surface water naturally does, a municipal corporation is not liable in damages; but it cannot collect it in a body, and as such cast it upon land, so as to furrow it out and create or enlarge drain courses through it. You cannot make such

corporation liable unless your case comes up to that test or standard as shown in *Jordan* v. *City of Benwood,* 42 W. Va. 312 (26 S. E. 266); *Yeager* v. *Town of Fairmont,* 43 W. Va. 259 (27 S. E. 234). Any other principle would tie the hands of a city. Now, this instruction says that "if the injury be caused by the natural flow being changed and cast upon the property." How cast,—in a body, or spreadingly? It does not say. In the one case the city would be liable; in the other, not liable. Does it mean that the flow of water in drains or ditches, and therefore already in a body, was diverted, and thus thrown on the land? The city had a right to fill a street, and, if that fill had any effect to divert surface water so it was still scattered, no liability therefrom arose. Just what theory this instruction presents is uncertain. Does it present a differennt one from that of No. 3 below? Does it set up a less standard of liability? If so, it is wrong. Does it present the same? Not likely, because it is in different language. And, if the same, then it is unnecessary. It must have been intended to present a different theory. Just what, is indefinite. An indefinite instruction must not be given. How was the jury to reconcile it with No. 3? No. 3: "When a city, in grading its streets, by cutting ditches and drains collects surface water, and casts it in a body upon the lot or ground of the proprietor below, unless it so casts it into a natural water course, the proprietor sustains a legal injury, and may recover therefor." This is, on its face, proper. But No. 2 ignores the requirement that the water be cast in a body, and states a less exacting standard of liability, indicating that mere surface water, in a spreading, scattered condition, will make the town liable. No. 4: "The court instructs the jury that it is the duty of a city, in making improvements upon its streets, to use such skill that improvements so made shall not change the course of the surface water in such manner as to materially injure the property adjoining." This may be good as to negligent doing of work, though the work, if not negligent, do incidentally injure a lot by change of the course of what is surface water, yet if it still spread over the surface, or percolate through the soil, and it is not by the change made to run in destructive currents, plowing drains or courses through the soil and washing it away,

the city or private landowner is not liable. This instruction disregards that distinction, and asserts that if there be a change, and it do injury, that is enough to fix liability. That is not enough to fix liability. If the work of the corporation does change the former state of things as to surface water so that thereafter it flows in a body or destructive current over the land, the city is liable; otherwise not. No. 5 is good: "The court instructs the jury that, in disposing of surface water, a municipal corporation has no right, by any means whatever, to collect and cast the same upon the property of an individual."

As to the evidence, as the case may be retried it is improper for us to pass on its effect; but, in view of certain evidence bearing on the condition of the drains, I will advert to the law seeming to be pertinent. Our Code gives municipal corporations power to construct drains and gutters. They may or may not, as they choose, exercise this power in any street, as the right to elect to do so or not to do so is a matter of discretion, *quasi* judicial; but when once the corporation decides to do so, and constructs sewers or drains and gutters, the duty has become merely ministerial, and the town bound to keep them in fairly good condition to carry off the water ordinarily and naturally coming into the gutter or sewer in the section where the the town is, so as not to overflow lot owners. The town is not bound for great and unusual floods. If there comes a cloudburst or great rainfall, out of the ordinary experience, and it is too great for the capacity of the drain or gutter, or if it bring down rock, drift, sand, or other debris, choking up the drain, and overflowing, the town is not liable. It is the unexpected,—out of the ordinary course of nature. But if the city allows those obstructions to remain,—if it allows its drains or gutters to clog up,— and damage ensue, it is liable. That is no more than the application of the rule above stated, that the corporation must not in any manner collect or gather surface water in a body, by ditches or drains or gutters, and cast it on a lot owner. If it makes a drain or gutter, it necessarily collects water before then spreading, and it must carry it off. That is only negligence. Elliott, Roads & S. 363; Jones, Neg. Mun. Corp. § 144; 1 Beach, Pub. Corp. §§ 764, 767; *Hitchins* v. *Mayor, etc.,* 68 Md. 100; *Gilluly* v.

*City of Madison*, 63 Wis. 518, (24 N. W. 137); *Weis* v. *City*, 75 Ind. 241; 2 Dill. Mun. Corp. § 1051, cl. 4; *Nims* v. *Mayor, etc.*, 59 N. Y. 500; *Richmond* v. *Long*, 17 Grat. 375, point 3. Our conclusion is to reverse the judgment and grant a new trial.

*Reversed.*