STANLEY v. SIERRA NEVADA SILVER MIN. CO.

(Circuit Court, D. Nevada. November 17, 1902.)

No. 739.

1. TROVER AND CONVERSION—PLEADING.

In an action for conversion of a deposit of tailings from a mine, a complaint alleging that plaintiff's decedent was "lawfully possessed" of the tailings, and of a certain tract of land described, on which the tailings alleged to have been converted were deposited, at the time of his death, contained a sufficient allegation of ownership to sustain the action.

2. SAME—DESCRIPTION OF PROPERTY.

A complaint for conversion of mine tailings deposited on lands, describing the land as situated in Edgar ravine, in S. county, Nevada, bounded as follows, to wit: Commencing at the end of the sluice of the mill in said ravine, and running thence in an easterly direction, following the course of said ravine, for 600 feet, with 50 feet of land on the south of said ravine from the center thereof the whole of said length, with 150 feet of land on the north of said ravine from the center thereof the whole of said 600 feet,—and that the tailings consisted of a valuable deposit of mineral concentrations, tailings, and slimes on the land, sufficiently described the property.

3. SAME.

In an action by an administratrix, an allegation that her decedent died intestate, and that on a certain date plaintiff was duly appointed administratrix of decedent's estate, was not objectionable for failure to allege the date of decedent's death, and by reason thereof failing to show that deceased did not die until after plaintiff was appointed administratrix of his estate, since such a contingency would not be presumed.

On Demurrer.

Torreyson & Summerfield and F. M. Huffaker, for plaintiff.
W. E. F. Deal, for defendant.

HAWLEY, District Judge (orally). This is an action for the wrongful and unlawful conversion of a deposit of tailings alleged to be of the value of $5,000. It is alleged in the complaint:

"(4) That before and until the time hereinafter mentioned one W. H. Stanley was lawfully possessed of that certain tract or parcel of land

situated in Cedar ravine, in Storey county, and state of Nevada, bounded and described as follows, to wit: Commencing at the end of the sluices of the Mariposa Mill, in said Cedar ravine, and running thence in an easterly direction, following the course of said ravine, six hundred feet, with fifty feet of land on the south of said ravine from the center thereof the whole of said length, with one hundred and fifty feet of land on the north of said ravine from the center thereof the whole of said six hundred feet,—and was lawfully possessed of a valuable deposit of mineral concentrations, tailings, and slimes situate upon said tract of land. (5) That on or about the 26th day of July in the year 1901 the said defendant entered upon said tract of land, and wrongfully, unlawfully, and tortiously, took possession of said deposit, or concentrations, tailings, and slimes, and converted the same to its own use and benefit." "(7) That before the commencement of this action the said W. H. Stanley died intestate, and that on or about the 8th day of August, 1902, on proper proceedings had therefor in the First judicial district court of the state of Nevada, in and for the county of Storey, an order was duly made by said court appointing plaintiff administratrix of the estate of said W. H. Stanley, deceased, and that thereupon plaintiff duly qualified as such administratrix, and letters of administration upon the estate of the said W. H. Stanley, deceased, were duly issued to plaintiff, and that thereupon plaintiff entered upon the discharge of the duties of said office, and ever since has been, and now is, such administratrix."

To this complaint the defendant interposed a demurrer upon the ground that:

"Said complaint does not state facts sufficient to constitute a cause of action, in the following particulars: (a) It does not appear from said complaint that W. H. Stanley ever owned the tract or parcel of land described in said complaint, or that he ever owned the deposit of mineral concentrations, tailings, and slimes, or concentrations or tailings or slimes, situate upon the tract of land mentioned in said complaint. (b) The allegation that W. H. Stanley was lawfully possessed of said land and of said deposit is a conclusion, and not a statement of any fact. (c) It does not appear that W. H. Stanley was at the time of his death the owner or entitled to the possession of either said land or said tailings," and, further, that the description of the land, where the deposit is claimed to be, is uncertain, and that it does not affirmatively appear at what time the said W. H. Stanley died, or whether he was possessed of the land and tailings at the time of his death.

I. The principal objection is as to the use of the words "lawfully possessed of." The general rule is that the averments with reference to the ownership of land must not state legal conclusions. The facts must be expressly alleged, or other facts stated from which the fact of title or ownership would necessarily be inferred. But no certain, fixed rules can be formulated, applicable to all cases which would distinguish allegations concerning titles that are regarded as merely averments of legal conclusions from those that are regarded as traversable facts. Much will depend upon the particular kind and character of the property involved. In Smith v. Hancock, 4 Bibb, 222, it was held, where a master sought to recover damages for injuries to his slave, that an averment "that he belonged to the plaintiff prima facie implies a possession, and is therefore sufficient." In Clay v. City of St. Albans, 43 W. Va. 539, 541, 27 S. E. 368, 64 Am. St. Rep. 883, the court held that the pleadings in an action of trespass or case for injury to property, real or personal, must show title, but, among other things, said it is sufficient for the plaintiff to allege in regard to personal property that he was "lawfully possessed of certain goods and chattels" (specifying them), and, in case of realty,

to say that "he was lawfully possessed of * * * a certain tract of land" (specifying it). The rule of pleading is that the complaint must allege the ultimate facts required to be proved with such precision, certainly, and clearness that the defendant will know what he is called upon to answer. In Rogers v. Cooney, 7 Nev. 213, 217, which was a case similar to this, the court held that it was only necessary "for the plaintiff to prove a rightful possession in himself. It is not incumbent on him to establish any title beyond that." The character of proof necessary to show possession of land, under the peculiar conditions existing in any given case is elaborately discussed in Garrard v. Silver Peak Mines (C. C.) 82 Fed. 578, 591. See, also, North Noonday Min. Co. v. Orient Min. Co. (C. C.) 11 Fed. 125, 128, 6 Sawy. 503; Barringer & A. Mines & M. 608, 611; 1 Lindl. Mines, § 426.

2. The description of the property is sufficient.

3. The averment as to the death of W. H. Stanley, and of the appointment of I. M. Stanley as administratrix of the estate, might, perhaps, have been stated in clearer terms; but the court, from the averments, is not authorized to assume that "said W. H. Stanley did not die until after plaintiff was appointed administratrix of the said estate."

The demurrer is overruled.