ROBERT L. BLAND, Judge,
dissenting.
I do not see the clajm in this case in the light in which it is viewed by majority members of the court. I perceive no breach of duty on the part of the state road commission, and do not think that an award in any sum is warranted or should be made.
It is shown, as alleged in the petition, that claimant is the owner of three lots of land, each having a home thereon, situate at 3408, 3410 and 3412 Camden Avenue, South Parkersburg, West Virginia (unincorporated), and that the state road commission of West Virginia, a governmental agency of said state, has jurisdiction over U. S. route No. 21 on which said lots abut, and of the disposal of over *60 flow water therefrom, including a sewerage system along the said highway.
Claimant maintains that the said state road commission, being charged with the duty of providing adequate sewerage disposal for overflow waters along said highway, at the location of her said property, negligently failed to provide an adequate disposal system for the overflow waters alongside the said property, and that as a result thereof the said overflow waters damaged her property.
Claimant has the “laboring oar” in the premises. The onus is on her to establish the merit of her claim. This, in my judgment, she has failed to do.
The right of the claimant to have an award is stoutly resisted by the road commission. I do not recall a stronger or more complete defense heretofore made to any claim asserted against that agency in the court of claims.
Counsel for the state cite this well recognized rule of law, found in 25 American Jurisprudence, Highways, Section 87:
“Generally, when constructing, grading, or otherwise improving a street or highway, a municipal or quasi-municipal corporation is not obliged to protect the adjoining property by the construction of sewers and drains, or otherwise, from the natural flow of surface water therefrom. . . .”
This rule, however, is not without qualification in West Virginia. In the opinion in'the case of Clay, et ux v. City of St. Albans, 43 W. Va. 539, Judge Brannon says, on page 546:
“. . . Our Code gives municipal corporations power to construct drains and gutters. They may or may not, as they choose, exercise this power in any street, as the right to elect to do so or not to do so is a matter of discretion, quasi judicial; but when once the corporation decides to *61 do so, and constructs sewers or drains and gutters, the duty has become merely ministerial, and the town bound to keep -them in fairly good condition to carry off the water ordinarily and naturally coming into the gutter or sewer in the section where the town is, so as not to overflow lot owners. . . (Last italics ours).
The claimant does not prove a case in which it is shown that the state road commission is responsible for the collecting of surface water and casting the same in a mass or body on her property. This fact is made clear by the great weight of the evidence. I think the claim is exaggerated and not one for which the state should respond in damages.
In the disposal of the surface water in the vicinity of claimant’s property, the road commission has used due care and prudence in its work. It has been engaged in the exercise of a governmental function and is not answerable to the claimant’s damage. As Judge Brannon has so well pointed out in the authority cited above, no higher duty could properly rest upon the road commission in taking care of the surface water.
The homes on claimant’s lots were erected in 1929. They were built subject to the catch basins and sewers then existing. There has been no change in the road in any way. There has been no act on the part of the road commission to direct the surface water from its natural course. It has done nothing to increase the flow of such water. It seems to me that the commission has been exceedingly diligent and careful in providing for an orderly, proper and adequate disposal of the surface water from the highway. Eleven catch basins have been installed, and other necessary measures employed to prevent injury or damage to the claimant.
I do not think that it has been shown that the road commission, by gutters, sewers, or otherwise, has collected surface waters and cast it in a body on claimant’s land.
No higher measure of responsibility could rest upon the. *62 road commission under any circumstances than that pointed out by Judge Brannon in Clay, et ux v. City of St. Albans, supra, that such drainage and gutters should be maintained in fairly good condition. Employes of the state road commission, experienced in highway work, have testified very clearly that they regarded the catch basin in front of the middle house of claimant to be adequate to take care of the surface water.