Vivian F. Gallagher

*v.*

City Of Westover

(No. 14475)

Decided July 17, 1981.

*David L. Solomon, Solomon & Solomon,* for appellant.

*Clark Frame* for appellee.

PER CURIAM:

The City of Westover (City), a municipal corporation, appeals from a final judgment of the Circuit Court of Monongalia County entered upon a jury verdict awarding $15,000.00 to the appellee, Vivian F. Gallagher, for damages sustained to her real property. We affirm.

The plaintiff-appellee brought this action against the City alleging negligence in the construction of streets and storm drains on the hill above and behind her property, thereby causing a body of water to be collected and cast in mass into a small ditch or creek running through her property, resulting in erosion and damage to the foundation and walls of a garage located on the property.

At trial evidence was adduced on behalf of the plaintiff indicating the City's streets and storm drains were constructed in such a manner that all rain water falling on top of the hill was diverted into the ditch going through her property. The evidence was conflicting on whether some of the rainfall would have drained elsewhere but for the construction of the streets and storm sewers. There was also evidence that at the time the City constructed the streets and drains it did not have the benefit of a map of the drainage area. The City offered testimony that the storm sewers were constructed in accordance with the usual and customary standards known to the profession at the time. There was also conflicting testimony on the most appropriate way to eliminate the erosion problem and differing estimates were given on the cost of repairing the damage to the property.

The City contends the jury's verdict is contrary to the law and the evidence because the plaintiff did not establish

that the City collected surface water in large quantities and cast it in a body or mass upon the plaintiff's property. Alternatively, the City argues that the plaintiff failed to show the City constructed or maintained its storm sewers negligently or without reasonable skill.*

We are of the opinion that the jury was properly instructed as to the law governing municipal liability for damage caused by surface water. The instructions given by the trial court were consistent with the law expressed in Syllabus Point 3 of *Jordan v. City of Benwood,* 42 W.Va. 312, 26 S.E. 266 (1896), where this Court, speaking through Judge Brannon, held that "[a] city cannot by ditches, drains, or other artifical channels collect surface water, and cast it in a body or mass upon a lot. If it does so, it is liable to the lot owner in damages." *See also,* Syl. pt. 6, *Clay v. City of St. Albans,* 43 W.Va. 539, 27 S.E. 368 (1897).

The evidence, though conflicting, was such that the jury could find that the City disturbed the normal flow and course of the surface water in the drainage area above the plaintiff's property by collecting the water in a body and casting it in a body or mass directly into the ditch causing damage to the plaintiff's property. The jury could have found from the evidence that the City added appreciably to the quantity of water flowing through the ditch on the plaintiff's property, resulting in damage. *Mason v. City of Bluefield,* 105 W.Va. 209, 141 S.E. 782 (1928).

The City's contention that the evidence does not show negligence is likewise without merit. We believe the evidence adduced at trial was such that it presented a question of fact as to whether the City was negligent in constructing its drainage system, and as to whether any such negligence was the proximate cause of the damage to the property. The case was properly submitted to the jury for its determination on the evidence. "Questions of negligence, due care, [and] proximate cause ... present

---

* The City also asserts the verdict is erroneous because the law provides an exception to liability where surface water is gathered in a body and cast into a natural watercourse. *See,* e.g., *Knight v. Brown,* 25 W.Va. 808 (1885). This defense was not raised in the trial court, and we consider it waived.

issues of fact for jury determination when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them." Syl. pt. 5, *Hatten v. Mason Realty Company*, 148 W.Va. 380, 135 S.E.2d 236 (1964).

The jury found the City was negligent and their verdict is supported by the evidence. We are not free to view the evidence afresh, for it is a fundamental aspect of our jury system that:

> "In determining whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned must be considered, and those facts, which the jury might properly find under the evidence, must be assumed as true." Syl. pt. 3, *Royal Furniture Company v. City of Morgantown*, 164 W.Va. 400, 263 S.E.2d 878 (1980), *quoting* Syl. pt. 3, *Walker v. Monongahela Power Company*, 147 W.Va. 825, 131 S.E.2d 736 (1963).

Moreover, "[w]hen a case involving conflicting testimony has been fairly tried under proper instructions the verdict of the jury will not be set aside unless it is contrary to the weight of the evidence or is without any evidence to support it." Syl. p. 2, *Western Auto Supply Company v. Dillard*, 153 W.Va. 678, 172 S.E.2d 388 (1970).

For the foregoing reasons, the judgment appealed from is affirmed.

*Affirmed.*