Stanley E. MASTERS, et al., Plaintiffs,

v.

CITY OF HUNTINGTON, a municipal corporation, Defendants.

Civ. A. No. 3:88–0805.

United States District Court,
S.D. West Virginia,
at Huntington.

July 24, 1992.

Charles W. Peoples, Jr., Huntington, W.Va., for plaintiffs.

Scott A. Damron, Vinson, Meek & Pettit, Huntington, W.Va. for defendant/counterclaimant.

---

## MEMORANDUM ORDER

TAYLOR, United States Magistrate Judge.

As was noted in the initial Findings of Fact and Conclusions of Law filed herein on January 8, 1992, the Court and counsel were of the view that a finding of coverage under the Fair Labor Standards Act (hereinafter "FLSA") and violation of the Act by the City of Huntington obviated the need to consider issues arising in Count II of the complaint, the count in which plaintiffs allege violation of West Virginia's Wage and Hour Law, W.Va.Code 21–5C–1, *et seq.* The FLSA's provision of overtime payments to firemen only for those hours worked in excess of fifty-three in a work week, 29 U.S.C. § 207(k), in contrast to the requirement of payment for overtime for hours worked in excess of forty under state law, W.Va.Code 21–5C–3, however, necessitates a ruling by the Court on the issue of coverage under state law as it pertains to the number of hours plaintiffs must work before they are entitled to pay at one and one-half times their regular rate of pay.

Noted initially, is the fact that "Congress has specifically allowed states to enforce overtime laws more generous than the FLSA," [1] and that its "purpose" in enacting such legislation was "to establish a national *floor* under which wage protections cannot drop, not to establish absolute uniformity in minimum wage and overtime standards nationwide at levels established in the FLSA." *Pacific Merchant Shipping Association v. Aubry*, 918 F.2d 1409, 1422, 1425 (9th Cir.1990), *cert. denied* —— U.S. ——, 112 S.Ct. 2956, 119 L.Ed.2d 578 (1992).[2] It being apparent that state wage and hour laws are, in fact, "more generous" with regard to overtime compensation, it necessarily follows that, if 21–5C–3

applies to municipal firemen, plaintiffs holding the rank of probationary, third class, second class, or first class fireman and lieutenants are entitled to overtime compensation for all hours worked in excess of forty in a workweek.

In a decision rendered three years after the passage of West Virginia's Wage and Hour Laws, the Supreme Court held that its provisions were applicable to municipal firemen. *Kucera v. City of Wheeling*, 153 W.Va. 531, 170 S.E.2d 217 (1969). Defendant relies upon a provision of the Act excluding coverage in the case of certain employers "if eighty percent of the persons employed … are subject to any federal act relating to minimum wage, maximum hours and overtime compensation," W.Va. Code 21–5C–1(e), a provision which was not considered in *Kucera* since the FLSA was not applicable to firemen at the time it was decided.[3] That issue is now presented to this Court as a matter of first impression, and, decision being on a claim arising under state law, the Court is faced with the task of determining the manner in which the West Virginia Supreme Court would resolve the issue if called upon to render a decision. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

An "employer" as defined in the Act "includes the State of West Virginia, its agencies, departments and all its political subdivisions, any individual, partnership, association, public or private corporation, or any person or group of persons acting directly or indirectly in the interest of any employer in relation to an employee…." W.Va.Code 21–5C–1(e). In *Kucera*, the Court concluded that municipal firemen were brought within the Act's coverage by reason of their status as employees of a political subdivision of the State, it being apparent to the Court that a "municipality"

---

1. The FLSA's savings clause, 29 U.S.C. § 218, provides in relevant part that:

   No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum workweek lower

   than the maximum workweek established under this chapter….

2. *See also, Williams v. W.M.A. Transit Company,* 472 F.2d 1258, 1261 (D.C.Cir.1972).

3. Nor, of course, was it applicable to municipal firemen at the time the Act was passed by the West Virginia Legislature.

was "a political subdivision of the State...." *Kucera v. City of Wheeling, supra* at 220. Perceiving no ambiguity in the language of the Act, the Court simply was not persuaded that the exclusion relied upon by the City of Wheeling—then phrased in terms of a fire fighter employed "by the State or any agency thereof"—reflected an attempt on the part of the Legislature to exclude municipal fire fighters. Of perhaps overriding significance to the decision was the fact that employers covered by the Act expressly included "political subdivisions" of the State whereas employees excluded were described as those employed "by the State or any agency thereof." The term "political subdivision" was omitted from the exclusionary clause.

The reasoning of the Court in *Kucera* is of obvious significance in this case since the Legislature has, similarly, specifically included political subdivisions of the State in those groups of employers covered under the Act and has omitted the phrase "political subdivision" in the following provision excluding employers if eighty percent of their employees are subject to the FLSA.[4] Taking account of the plain language of the statute, this Court would have no difficulty in concluding that municipal fire fighters are not excluded from coverage under state law even when eighty percent of the city's employees are covered by the FLSA. Regulations adopted by the West Virginia Department of Labor, however, may cast some doubt on the meaning of 21–5C–1(e) inasmuch as those regulations, 42 C.S.R. 8(2.9), unlike the governing statute, state simply that the Act does "not include *an employer* if eighty percent (80%) of his employees are subject to any federal act relating to minimum wage,

maximum hours and overtime compensation." (Emphasis added).[5]

Taking account of the wording and structure of section (e), it appears to the Court that, in violation of a "cardinal rule relating to statutes," the Secretary of Labor has "interpreted" a statute which is "free from ambiguity" and whose meaning is "plain," rather than simply applying " 'the statute according to the legislative intent plainly expressed therein.' " *Kucera v. City of Wheeling, supra* at 219. While recognizing that the somewhat intricate procedures prescribed by statute for the promulgation and adoption of regulations such as the regulation involved here[6] give added weight to the Secretary's regulations,[7] nevertheless, in this Court's view the West Virginia Supreme Court will not abandon "cardinal rules" relating to application and interpretation of statutes even when, as is apparently the case with regard to 42 C.S.R. 8(2.9), the regulation has received legislative approval. Certainly in decisions in which this question has been addressed, that has been its stated position. *See, Ranger Fuel Corporation v. West Virginia Human Rights Commission*, 180 W.Va. 260, 376 S.E.2d 154, 158–59 (1988); *Consumer Advocate Division of the Public Service Commission v. Public Service Commission*, 182 W.Va. 152, 386 S.E.2d 650, 654 (1989); *Habursky v. Recht*, 180 W.Va. 128, 375 S.E.2d 760, 764 (1988).[8]

Finding the language of 21–5C–1(e) free from ambiguity and applying its provisions "according to the legislative intent plainly expressed therein," the Court concludes that municipal employees, including firemen, are covered by the State Wage and Hour Laws and that the exclusion of employers, eighty percent of whose employees are subject to the FLSA, does not relieve

---

**4.** What the Legislature might have done had municipal fire fighters then been covered by the FLSA can only be a matter of conjecture.

**5.** In contrast, the governing statute defines employers in terms of specifically described entities, including political subdivisions, excluding those with eighty percent coverage, again in terms of specifically described entities, with political subdivisions conspicuously absent from the latter group.

**6.** *See,* W.Va.Code 29A–3–1, *et seq.*

**7.** *See, United Hospital Center, Inc. v. Richardson,* 757 F.2d 1445, 1451–52 (4th Cir.1985).

**8.** *See also, Chico Dairy Company v. West Virginia Human Rights Commission,* 181 W.Va. 238, 382 S.E.2d 75, 84–85 (1989); *Marion County Board of Education v. Bonfantino,* 179 W.Va. 202, 366 S.E.2d 650, 653–54 (1988).

municipalities of obligations imposed by the Act with respect to minimum wage and maximum hours even when, as in this case, eighty percent of the municipality's employees are covered by the FLSA. In calculating damages arising from violations of the FLSA as previously found by the Court, the parties will, accordingly, compute overtime for those determined to be entitled thereto on the basis of a regular hourly rate for the first forty hours in a workweek and one and one-half times that hourly rate for hours in excess of forty.

A conference will be held in this case on Thursday, July 30, 1992, at 10:00 a.m. at which the issue of damages and the calculation thereof will be discussed. Counsel shall confer prior to the conference and be prepared to submit a proposal to the Court for the completion of this phase of litigation.