445 S.E.2d 500

**Phillip ADKINS, et al., Plaintiffs Below, Appellees,**

v.

**CITY OF HUNTINGTON, a Municipal Corporation, Defendant Below, Appellant.**

**No. 21866.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 19, 1994.

Decided May 23, 1994.

John F. Cyrus, Gardner & Cyrus, Charles W. Peoples, Jr., Huntington, for appellees.

Scott A. Damron, Vinson, Meek, Pettit & Colburn, L.C., Huntington, for appellant.

WORKMAN, Justice:

This case arises as a certified question from the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") to resolve a question of overtime pay for municipal firefighters.[1] The question presented is: "Whether the City, as a political subdivision of the State of West Virginia, is eligible for W.Va.Code § 21–5C–1(e)'s exception and is, thus, not an 'employer' subject to the overtime pay requirements of W.Va.Code § 21–5C–3(a)." We answer the question in the affirmative.

The underlying action originated when 107 firefighters[2] employed by the City of Huntington ("City") filed a civil action in the United States District Court for the Southern District of West Virginia ("district court"), alleging that the City had violated the maximum hour provisions of the Fair Labor Standards Act ("FLSA")[3] as well as the overtime provisions of West Virginia Code § 21–5C–3(a) (Supp.1993) in calculating their compensation. Following a bench trial, the district court ruled that the City had violated the FLSA, but failed to address whether the City had also violated state law concerning overtime compensation. Ultimately, the district court ruled that the state wage and hour laws were applicable and the City then appealed that decision to the

---

1. The jurisdiction for responding to a question of law certified from a United States court of appeals is found in West Virginia Code § 51–1A–1 (1981).

2. Of the original 107 firefighters who were plaintiffs in the underlying suit, all but 5 settled with the City prior to the certification order entered by the Fourth Circuit on August 23, 1993.

3. *See* 29 U.S.C.A. § 207 (West Supp.1993).

Fourth Circuit. Finding no applicable precedent, the Fourth Circuit certified the question at issue to this Court.

The controlling statute on the issue of overtime compensation is West Virginia Code § 21–5C–3(a), which provides:

> On and after the first day of July, one thousand nine hundred eighty, no employer shall employ any of his employees for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. ·

The term "employer" is defined in West Virginia Code § 21–5C–1(e) to include:

> the State of West Virginia, its agencies, departments and all its political subdivisions, any individual, partnership, association, public or private corporation, or any person or group of persons acting directly or indirectly in the interest of any employer in relation to an employee; and who employs during any calendar week six or more employees as herein defined in any one separate, distinct and permanent location or business establishment: *Provided, that the term 'employer' shall not include any individual, partnership, association, corporation, person or group of persons or similar unit if eighty percent of the persons employed by him are subject to any federal act relating to minimum wage, maximum hours and overtime compensation.*

W.Va.Code § 21–5C–1(e) (emphasis supplied).

The question of statutory interpretation presented to this Court is whether the City falls within the language of West Virginia Code § 21–5C–1(e) which exempts, by definition, those "individual[s], partnership[s], association[s], corporation[s], person[s] or group[s] of persons" when eighty percent of their employees are subject to federal wage and hour laws. *Id.* The parties have stipulated that eighty percent of the City's employees are subject to federal wage and hour laws.

If, as the district court ruled, the City is not an exempt employer with regard to state wage and hour laws, the amount of overtime compensation for both those municipal firefighters who are the subject of this action and all those firefighters who work overtime prospectively will be enhanced. To explain, under federal law overtime pay does not begin until a municipal firefighter has worked fifty-three hours.[4] Whereas, under state law an employer is required to begin paying overtime after forty hours have been worked. Based on the City's representation that its firefighters average fifty-six hours per week, the practical effect of the ruling at hand is whether a City firefighter receives three hours of overtime a week (FLSA) or sixteen (W.Va.Code § 21–5C–3(a)).

The district court ruled that the statute was unambiguous and that the omission of the language "political subdivision" from the proviso section as contrasted to the definitional section of West Virginia Code § 21–5C–1(e) was an indication of plainly expressed legislative intent to not exempt municipal firefighters from the overtime requirements of West Virginia Code § 21–5C–3(a). *Masters v. City of Huntington,* 800 F.Supp. 369, 371–72 (S.D.W.Va.1992). In reaching its decision, the district court relied heavily on *Kucera v. City of Wheeling,* 153 W.Va. 531, 170 S.E.2d 217 (1969), in which this Court determined that the provisions of West Virginia Code § 21–5C–3 applied to municipal firemen. *Id.* at 535, 170 S.E.2d at 219–20.

The primary issue in *Kucera* was whether a city was a state agency or as we concluded, "a political subdivision of the state." *Id.,* 170 S.E.2d at 220. In determining that the overtime provisions of West Virginia Code § 21–5C–3 were applicable to municipal firemen, the Court found significant the absence of the language "political subdivision" from the subsection excluding firefighters employed by the State or any state agency from the definition of employee whereas that same language had been included in the definition of employer. 153 W.Va. at 534–35, 170

---

**4.** The FLSA permits municipalities to create "work periods" of up to 28 days. *See* 29 U.S.C.A. § 207(k). Within such a 28–day–period, the employer can work the firefighter up to 212 hours without paying overtime compensation. *See id.* By distributing this periodic allotment of preovertime work over four weeks, this averages out to 53 hours per week, according to the City.

S.E.2d at 219; *see* W.Va.Code § 21–5C–1(e), –1(f). The district court in *Masters* analogized the issue before it to the one presented in *Kucera,* based on the appearance and then absence of "political subdivision" in West Virginia Code § 21–5C–1(e). 800 F.Supp. at 371. Based on the *Kucera* Court's finding of lack of statutory ambiguity and the absence of the term "political subdivision" from the proviso language of West Virginia Code § 21–5C–1(e), the district court concluded that municipal firefighters, as employees of a political subdivision of the state, were specifically omitted from the exclusionary language of West Virginia Code § 21–5C–1(e). 800 F.Supp. at 371–72.

The district court's reasoning is flawed for several reasons. First, the FLSA did not apply to municipalities when *Kucera* was written.[5] Accordingly, the *Kucera* finding regarding lack of ambiguity is of no significance to this case because the statutory language at issue here was not under consideration in that case. The current issue of interplay between the FLSA and state wage and hour laws is clearly one of first impression. Second, the district court wrongly disregarded the existence of regulations issued by the West Virginia Department of Labor which interpret the statutory provision at issue.[6]

The term "employer" is defined in legislative rules and regulations adopted for purposes of applying state wage and hour laws as:

the State of West Virginia, its agencies, departments and all its political subdivisions, any individual, partnership, association, public or private corporation, or any person or group of persons acting directly or indirectly in the interest of any employer in relation to an employee, and who employs during any calendar week six (6) or more employees in any one (1) separate, distinct and permanent location or business establishment, but shall not include an employer if eighty percent (80%) of his

employees are subject to any federal act relating to minimum wage, maximum hours and overtime compensation.

42 W.Va.C.S.R. § 8–2.9.

The weight to be afforded legislative regulations has been considered by the Fourth Circuit in *United Hospital Center, Inc. v. Richardson,* 757 F.2d 1445 (4th Cir.1985):

[I]n determining whether the regulations are within the purpose of the enabling legislation, the courts 'give great deference to the interpretation given the statute by the officers or agency charged with its administration.' *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616[, 625] (1965). And if such regulations have been reported to the legislative oversight committee or the legislature itself, which has not disavowed or disapproved them, they are entitled to considerable weight as expressive of the legislative purpose in enacting the statute and in interpreting the statute.

*Id.* at 1451. Moreover, in such situations where the legislature has specifically approved the regulations, "it can be fairly said that the legislature has in effect incorporated the regulations in the statute." *Id.* at 1452.

■ The City contends that West Virginia Code § 21–5C–1(e) is ambiguous and accordingly, subject to interpretation. The ambiguity arises from the omission of the term "political subdivision" in the exemption language of that provision. Citing this Court's holding in syllabus point one of *Farley v. Buckalew,* 186 W.Va. 693, 414 S.E.2d 454 (1992) that "[a] statute that is ambiguous must be construed before it can be applied[,]" the City looks to the legislative rules for guidance in construing the statute.

The City maintains that the definition of employer found in the 42 W.Va.C.S.R. § 8–2.9 eliminates the question of whether a municipality, as a political subdivision, is an exempt employer under the state wage laws. This is accomplished through the exemption of *all* employers who fall within the initial definitional provisions. The definition of an "employer" under the regulation parallels exactly the language defining an "employer" in

---

**5.** The FLSA was first held to apply to municipalities in 1986.

**6.** The district court admitted that the regulations found in 42 W.Va.C.S.R. § 8–2.9 "cast some doubt on the meaning of 21–5C–1(e)." 800 F.Supp. at 371. The court concluded that the

regulations bore no weight given that they were improvidently adopted in violation of the cardinal rule of statutory construction that where there is no ambiguity, the statute needs no interpretation.

West Virginia Code § 21–5C–1(e). The regulation avoids any potential for ambiguity between the definition of "employer" and those employers subject to the exemption by making the defined employers and those employers subject to the exemption one and the same. In other words, the regulation extends to all those fulfilling the definition of employer, which is the same under the statute or the regulation, an exemption from compliance with the overtime provisions of West Virginia Code § 21–5C–3(a) when eighty percent of the employees are subject to federal wage and hour laws.

While we recognized in *Kucera* that "'[w]here the language of a statute is plain and unambiguous, there is no basis for application of rules of statutory construction ...'", this cardinal rule of statutory construction does not apply when, as is the case with West Virginia Code § 21–5C–1(e), the statute contains ambiguity. Syl. Pt. 1, in part, 153 W.Va. at 531, 170 S.E.2d at 217–18 (quoting Syl. Pt. 1, in part, *Dunlap v. State Compensation Director,* 149 W.Va. 266, [140 S.E.2d 448] (1965)). The absence of the language—"the State of West Virginia, its agencies, departments and all its political subdivisions"—used to define employers in West Virginia Code § 21–5C–1(e) from the subsequent delineation of those employers subject to the exemption from state overtime requirements in the proviso language creates an ambiguity. If there was even the appearance of a bona fide reason for the omission of the state and its political subdivisions from the exclusionary language, we might not conclude so rapidly that an ambiguity exists. This, however, has not been shown or, for that matter, even argued.[7]

Through the issuance and adoption of a labor department regulation, the legislature has clarified in 42 W.Va.C.S.R. § 8–2.9 that *all* employers falling within the definition of "employer" in West Virginia Code § 21–5C–1(e) are entitled to the exemption from state overtime requirements, provided that eighty percent of their employees are subject to federal wage and hour laws. In cases such as this where legislative guidance is available, we look with great deference to the issued regulations. *See Richardson,* 757 F.2d at 1451. Recognizing that the legislative regulation found in 42 W.Va.C.S.R. § 8–2.9 removes any ambiguity regarding whether a city, as a political subdivision of the

state, is entitled to the exemption permitted certain employers by West Virginia Code § 21–5C–1(e) and according appropriate deference to the legislature as the body charged with administrating the state's labor laws, we adopt the regulatory definition of employers exempted from state overtime laws. *See* 42 W.Va.C.S.R. § 8–2.9. Consequently, all entities qualifying as an employer under West Virginia Code § 21–5C–1(e) are entitled to the exemption provided that eighty percent of their employees are subject to federal wage and hour laws. Given that the parties have stipulated that eighty percent of the City's employees are subject to federal wage and hour laws, we conclude that a city, as a political subdivision of the state, is entitled to the statutory exemption for qualifying employers in West Virginia Code § 21–5C–1(e) and therefore, is not subject to the overtime pay requirements imposed by West Virginia Code § 21–5C–3(a).

Having answered the certified question, this case is dismissed from the docket of this Court.

Certified question answered; Case dismissed.

---

7. The Appellees only attempt to explain the different treatment for the state and its political

subdivisions within the proviso language of West Virginia Code § 21–5C–1(e) is to observe that "Congress has specifically allowed states to enforce overtime laws more generous than the FLSA." *Pa-* *cific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1422 (9th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 2956, 119 L.Ed.2d 578 (1992).