Phillip ADKINS; George N. Boyd; James M. Ferrell; Curtis E. Hickle; James G. Turner, Plaintiffs–Appellees,

and

Wade A. Adkins; Forrest R. Adkins, Jr.; David G. Ball; James O. Barr; Bill R. Barrett; James W. Batten; Danielle L. Bauer; Jerry L. Beckett; Terry L. Berry; Marshall P. Blain, Jr.; Roger A. Blake; Gary E. Carroll; Walter N. Carroll; Jimmy L. Carver; Stephen R. Childers; Claude Cremeans, Jr.; Gary L. Crossen; Danny S. Cutler; Admiral D. Davis; Rodney D. Davis; Larry A. Diamond; Mark S. Doss; Roger A. Earl; Stephen D. Earl; Carl L. Eastham; Timothy A. Gibbs; James A. Hanshaw; Jimmie D. Hardy; Harry T. Hart; Maurice F. Hartz; Robert A. Herbert; Thomas I. Hosey; Kendall G. James; Gary L. Johnson; Garry D. Koontz; Matthew E. Layne; Jimmie L. Lemon; Donald P. Lewis; Harold L. Marcum; William Marcum; Herschel E. Marshall; James L. McCaw; Karl T. McDermott; Boyd E. Mellert; Paul F. Mellert; Richard A. Miller; Roger L. Mitchell;

Charles E. Nease; James E. Nelson; Ira Noble; Charles D. Penvose; Timothy S. Provaznik; Gordan K. Pyles; Freddie H. Ramey; Robert R. Ratcliff; Wayne J. Richman; David A. Riggs; Michael S. Ross; John R. Sang; Perry W. Sarver; Keith M. Scheibelhood; Robert G. Showalter; William L. Shrader; Cecil Simmons; James R. Smith; Rodney M. Stacy; Denton S. Stark; Tom M. Stull; Allen E. Taylor; Paul R. Thacker; Roger D. Ward; W. M. Jackson Watts; Allen L. Wilcox; Robert L. Wiles; Scott E. Wilson; Steve J. Wilson; Bret A. Woodall; Buddy R. Wren; Robert L. Young; George I. Bicker; Robert L. Marcum; Stanley E. Masters; Lanny L. Adkins; Virgil V. Adkins; John Davis; Ira J. Earls; Franklin R. Fowler; Daniel E. Holland; Earl F. Legg; Kay A. Perego; Jerry A. Sheets; Charles L. Shumaker, II; Thomas K. Simpkins; Eugene M. Wheeler; Claude Ray Cremeans, Jr.; William D. Martin; Jerry Doss, Plaintiffs,

v.

CITY OF HUNTINGTON, WEST VIRGINIA, a municipal corporation, Defendant–Appellant.

No. 92–2537.

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1993.

Decided June 21, 1994.

**ARGUED:** Scott Allen Damron, Vinson, Meek, Pettit & Colburn, L.C., Huntington, WV, for appellants.

John Frederick Cyrus, Gardner & Cyrus, Huntington, WV, for appellees.

**ON BRIEF:** Charles W. Peoples, Jr., Huntington, WV, for appellees.

Before RUSSELL and WIDENER, Circuit Judges, and CLARKE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

Reversed and remanded by published opinion. Judge RUSSELL wrote the opinion, in which Judge WIDENER and Senior Judge CLARKE joined.

## OPINION

RUSSELL, Circuit Judge:

Firefighters in the City of Huntington, West Virginia (the City), filed this action alleging that the City's payment system had violated the overtime pay provisions of both the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, and West Virginia, W.Va.Code § 21–5C–3(a) (1989). The district court agreed that the City's payment system had violated both provisions; it calculated the firefighters' damages under the West Virginia provision because that provision's overtime pay requirements are more stringent than FLSA's.

The City appealed, conceding that it had violated FLSA, but arguing that the district court erred in finding that it also violated the West Virginia overtime pay provision. It contended, *inter alia,* that the West Virginia provision, W.Va.Code § 21–5C–3(a), did not apply to it because it qualified for the exception from that provision contained in W.Va. Code § 21–5C–1(e) (1989). It asked, therefore, that we reverse the district court's judgment and remand for the district court to calculate the firefighters' damages under the less stringent overtime pay provisions of FLSA.

We determined that the City's contention presented an unsettled question of West Virginia law and certified that question to the Supreme Court of Appeals of West Virginia. That Court, in *Adkins v. City of Huntington,* —— W.Va. ——, 445 S.E.2d 500 (W.Va.1994), concluded that the City did qualify for the exception contained in W.Va.Code § 21–5C–1(e) and, therefore, was not subject to the overtime pay requirements of W.Va.Code § 21–5C–3(a).

Accordingly, we reverse the district court's judgment, under which the firefighters' damages were calculated under W.Va.Code § 21–5C–3(a), and we remand for the district court to calculate the firefighters' damages under FLSA.

*REVERSED AND REMANDED.*