575 S.E.2d 434

**Charles W. HANEY, Plaintiff Below, Appellant,**

v.

**The COUNTY COMMISSION of PRESTON COUNTY, West Virginia,**

**and**

**Ron L. Crites, Sheriff of Preston County, West Virginia, Defendants Below, Appellees.**

No. 30532.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 6, 2002.

Decided Dec. 9, 2002.

John F. Dascoli, Esq., The Segal Law Firm, Charleston, and Andrew J. Katz, Esq., The Katz Working Families Law Firm, Charleston, for Appellant.

Tamara J. DeFazio, Esq., Patrick A. Bennett, Esq., Spilman, Thomas & Battle, Morgantown, for Appellees.

PER CURIAM.

The appellant, Charles W. Haney, appeals the October 4, 2001, order of the Circuit Court of Preston County which granted summary judgment to the appellees, the County Commission of Preston County and Ron L. Crites, Sheriff of Preston County, in the appellant's action to obtain overtime compensation allegedly due him under W.Va.Code § 21–5C–1 et seq., titled "Minimum Wage And Maximum Hours Standards For Employees (hereafter "state wage and hour law"). The circuit court found that because at least 80% of the employees of the Preston County Sheriff and County Commission are subject to the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., the Sheriff and County Commission are exempted from the definition of "employer" under the state wage and hour law. For the reasons that follow, we reverse the circuit court's summary judgment order and remand for proceedings consistent with this opinion.

## I.

### FACTS

Charles W. Haney, the appellant, is an employee of the Sheriff of Preston County, West Virginia, and the County Commission of Preston County, the appellees. He is employed as a deputy sheriff. In January 1998, the Sheriff at that time, Cecil Strawser,[1] appointed the appellant to serve as the chief deputy of the Sheriff's Department.

The Preston County Commission declined to pay overtime compensation to the appellant during the time he served as chief deputy.

As a result, on February 15, 2000, the appellant filed suit against the Preston County Commission and the Sheriff of Preston County. The appellant averred in his complaint that he was appointed on January 26, 1998, to serve as chief deputy; beginning with the first pay period in which he performed the duties of chief deputy, he was required to work in excess of a forty-hour work week, which entitled him to overtime pay under the state wage and hour law; the Sheriff submitted the appellant's overtime pay request to the Preston County Commission for payment; and the Commission refused the initial and each subsequent request for overtime pay. The appellant further alleged that from 1978 until the time of his appointment to the position of chief deputy in 1998, the chief deputy of the Preston County Sheriff's Department received overtime pay.

The Preston County Commission subsequently moved for summary judgment on the grounds that it is expressly exempted as an employer under the state wage and hour law because at least 80% of its employees are covered by federal wage and hour law. The circuit court ultimately granted summary judgment to the appellees for the reason asserted by the County Commission.

## II.

### STANDARD OF REVIEW

■ It is axiomatic that "[a] circuit court's entry of summary judgment is reviewed de novo." Syllabus Point 1, Painter v. Peavy, 192 W.Va. 189, 451 S.E.2d 755 (1994). Also, this case involves a straightforward issue of statutory interpretation. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review." Syllabus Point 1, Chrystal R.M. v. Charlie A. L., 194 W.Va. 138, 459 S.E.2d 415 (1995).

---

1. The appellant's lawsuit originally named Cecil Strawser as a defendant. By order of May 24, 2001, Ron L. Crites, the current Sheriff of Pres-

ton County, was substituted for Cecil Strawser as the appropriate party.

## III.

## DISCUSSION

■ The appellant claims that he was denied overtime pay in violation of W.Va. Code § 21–5C–3(a) (1992) which provides, in part, that,

> no employer shall employ any of his employees for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed.

According to W.Va.Code § 21–5C–1(e) (1999):

> "Employer" includes the state of West Virginia, its agencies, departments and all its political subdivisions, any individual, partnership, association, public or private corporation, or any person or group of persons acting directly or indirectly in the interest of any employer in relation to an employee; and who employs during any calender week six or more employees as herein defined in any one separate, distinct and permanent location or business establishment: Provided, That the term "employer" shall not include any individual, partnership, association, corporation, person or group of persons or similar unit if eighty percent of the persons employed by him are subject to any federal act relating to minimum wage, maximum hours and overtime compensation.

■ The parties do not dispute that the Preston County Commission is a political subdivision which places it within the definition of "employer" in the first part of W.Va. Code § 21–5C–1(e).[2] We additionally note that the Sheriff[3] is not a political subdivision but rather is an employee of a political subdivision. *See* Syllabus Point 2, in part, *Beckley v. Crabtree*, 189 W.Va. 94, 428 S.E.2d 317 (1993) ("[a] sheriff is an employee of a political subdivision, the county commission"), *modified on other grounds by Smith v. Burdette*, 211 W.Va. 477, 566 S.E.2d 614 (2002). The issue in this case is whether the Preston County Commission, as a political subdivision, falls under the exemption in W.Va.Code § 21–5C–1(e) which excludes from the definition of employer "any individual, partnership, association, corporation, person or group of persons or similar unit if eighty percent of the persons employed by him are subject to any federal act relating to minimum wage, maximum hours and overtime compensation." If the Preston County Commission, as the political subdivision which employs the appellant, is exempted by W.Va.Code § 21–5C–1(e), and if 80% of its employees are covered by a federal act relating to minimum wage, maximum hours, and overtime compensation, the appellant is prevented from bringing his claim under state wage and hour law and must bring it instead under federal wage and hour laws.

■ This Court has previously determined that a political subdivision falls within the language of W.Va.Code § 21–5C–1(e) which exempts, by definition, those "individual[s],

---

**2.** The term "political subdivision" is defined in several statutes in the West Virginia Code and each of these definitions includes either county or county commission. *See* W.Va.Code § 5–10–2(4) (2002) of the West Virginia Public Employees Retirement Act (" 'Political subdivision' means ... a county); W.Va.Code § 5–10C–3(7) (1999) concerning government employees retirement plans (" 'Political subdivision' means ... a county"); W.Va.Code § 8–27A–1(d) (1993) concerning alternative fuel vehicles (" 'Political subdivision' means a county"); W.Va.Code § 12–6–2(7) (2001) of the West Virginia Investment Management Act (" 'Political subdivision' means and includes a county"); W.Va.Code § 15–5–2(d) (1990) concerning emergency services (" 'Political Subdivision' means any county"); and W.Va. Code § 29–12A–3(c) (1986) of The Governmental Tort Claims and Insurance Reform Act (" 'Politi-

cal Subdivision' means any county commission").

**3.** This Court has held that "[c]ounty commissions and sheriffs are joint employers of deputy sheriffs and may be held liable for violations of the wage and hour law. W.Va.Code, 21–5C–8(a)." Syllabus Point 2, *Amoroso v. Marion Co. Comm'n*, 172 W.Va. 342, 305 S.E.2d 299 (1983). We have also recognized that "[a]lthough the commission and sheriff are joint employers, this does not necessarily mean that both are liable under the act. The facts of each case must be considered." *Amoroso*, 172 W.Va. at 348, 305 S.E.2d at 304. In the instant case, the appellant alleged in his complaint that he received approval for overtime pay by the Sheriff but was refused the overtime pay by the County Commission.

partnership[s], association[s], corporation[s], person[s] or group[s] of persons" when 80% of their employees are subject to federal wage and hour laws. Specifically, we held in Syllabus Point 2 of *Adkins v. City of Huntington*, 191 W.Va. 317, 445 S.E.2d 500 (1994), that "[a] city, as a political subdivision of the state, is entitled to the statutory exemption for qualifying employers in West Virginia Code § 21–5C–1(e) (1989) and therefore, is not subject to the overtime pay requirements imposed by West Virginia Code § 21–5C–3(a) (1989)." Even though *Adkins* concerned a city and not a county commission, the case hinged on the fact that a city is a political subdivision. "A county commission, like a municipality, is the governing body of a political subdivision." *Amoroso v. Marion Co. Comm'n*, 172 W.Va. 342, 346, 305 S.E.2d 299, 303 (1983) (citation omitted). Therefore, our holding in *Adkins* applies with equal force to county commissions which are also political subdivisions.

The appellant, however, urges us to overrule *Adkins* as bad law. After carefully considering the arguments posited by the appellant, we decline to do so. In Syllabus Point 2 of *Dailey v. Bechtel Corp.*, 157 W.Va. 1023, 207 S.E.2d 169 (1974), this Court held:

An appellate court should not overrule a previous decision recently rendered without evidence of changing conditions or serious judicial error in interpretation sufficient to compel deviation from the basic policy of the doctrine of stare decisis, which is to promote certainty, stability, and uniformity in the law.

Our *Adkins* decision is recent in that it is less than nine years old. Also, the language at issue in *Adkins* is verbatim to the language at issue in the instant case. We have said that "[o]nce this Court determines a statute's clear meaning, we will adhere to that determination under the doctrine of *stare decisis*." *Appalachian Power Co. v. Tax Dept.*, 195 W.Va. 573, 588 n. 17, 466 S.E.2d 424, 439 n. 17 (1995). *See also Hilton v. South Carolina Public Railways Commission*, 502 U.S. 197, 202, 112 S.Ct. 560, 563, 116 L.Ed.2d 560, 569 (1991) ("we will not depart from the doctrine of *stare decisis* without some compelling justification." (Cita-

tion omitted)). "Considerations of *stare decisis* have special force in the area of statutory interpretation, for here, unlike in the context of constitutional interpretation, the legislative power is implicated[.]" *Patterson v. McLean Credit Union*, 491 U.S. 164, 172–173, 109 S.Ct. 2363, 2370–2371, 105 L.Ed.2d 132, 148 (1989), *superseded by statute on other grounds as stated in Turner v. Arkansas Ins. Dept.*, 297 F.3d 751 (2002). The Legislature has had more than eight years to correct this Court's construction of W.Va.Code § 21–5C–1(e), as set forth in *Adkins*, if it disagreed with it, and it has not done so.

Many of the arguments advanced by the appellant for a different construction of W.Va.Code § 21–5C–1(e) were considered and rejected by this Court in *Adkins*. We will briefly address two arguments not discussed in *Adkins*. First, the appellant asserts that the right of state employees to sue under federal law for overtime compensation recently has been struck down by the United States Supreme Court, and he cites *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) for support. In *Alden*, however, the Supreme Court made clear that an "important limit to the principle of sovereign immunity is that it bars suits against States but not lesser entities. The immunity does not extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State." *Alden*, 527 U.S. at 756, 119 S.Ct. at 2267, 144 L.Ed.2d at 679–80. Neither *Adkins* nor the present case concerns the state, its agencies, or departments. Rather, the present case concerns a political subdivision which is a "separate and distinct entit[y] from State government." *Walker v. Meadows*, 206 W.Va. 78, 82 n. 5, 521 S.E.2d 801, 805 n. 5 (1999) (citation omitted). Therefore, the holding in *Alden* does not provide immunity to county commissions from claims under federal wage and hour laws.

The appellant also avers that the *Adkins* Court failed to address *Amoroso v. Marion Co. Comm'n, supra*, in which we held in Syllabus Point 1 that "[d]eputy sheriffs are employees entitled to overtime compensation benefits in the wage and hour law. W.Va. Code, 21–5C–1, *et seq.*" We believe that the

appellant's reliance on *Amoroso* is misplaced. *Amoroso* does not address the exemption for employers found in W.Va.Code § 21–5C–1(e), but whether deputy sheriffs fall within any of the specific occupational categories in W.Va. Code § 21–5C–1(f) which expressly excludes certain individuals from the definition of "employee." Therefore, *Amoroso* was not dispositive of the issue in *Adkins*, and it is not dispositive of the issue currently before us.[4] Accordingly, we decline to overrule *Adkins* because we do not find evidence of changing conditions or serious judicial error in interpretation sufficient to compel deviation from its holding.

We have thus far found that the Preston County Commission, as a political subdivision, falls within the language of W.Va.Code § 21–5C–1(e) which exempts certain employers from the state wage and hour law when 80% of their employees are subject to federal wage and hour laws. The next inquiry is whether 80% of the Preston County Commission's employees are subject to federal wage and hour laws. Because it is not clear from the record whether 80% of the County Commission's employees, as opposed to 80% of only the Sheriff's employees, are subject to federal wage and hour laws, we find it necessary to reverse the circuit court's grant of summary judgment and remand for the development of additional evidence.

The record indicates that in a letter addressed to the parties' counsel, the circuit court stated:

> The Court would also like the Plaintiff to inform the Court as to whether he does or does not agree that 80% (eighty percent) of the County Commission's employees are subject to any federal act relating to minimum wage, minimum hours, [sic] and overtime compensation. At the hearing on May 24, 2001, the Plaintiff did not argue

that 80% (eighty percent) of the County Commission employees were subject to such a Federal Act; however, I am requesting this clarification in order that I am sure that I understand each party's position.

Thereafter, the appellant submitted a "Proposed Order Granting Plaintiff's Motion For Summary Judgment On The Issue Of Liability And Findings Of Fact And Conclusions Of Law." Accompanying this proposed order was a letter from appellant's counsel to the circuit court indicating that appellant does not dispute the fact that "at least 80% of the employees of the *Sheriff's Department* are covered under federal overtime law." (Emphasis added.) Also, in the appellant's proposed order it states as a finding of fact that "[m]ore than 80% of the Deputies in the Preston County Deputy Sheriffs Department are covered under the Fair Labor Standards Act, the Federal overtime law."[5]

In the circuit court's September 19, 2001, opinion letter, it found as a matter of fact that "[b]y letter dated July 19, 2001, the Plaintiff stipulated that at least eighty percent (80%) of the Preston County Sheriff's Department's employees are covered under federal overtime law." The circuit court further concluded as a matter of law:

> 1. At least eighty percent (80%) of the persons employed by the Defendants are subject to a federal act relating to minimum wage, maximum hours and overtime compensation;
>
> 2. Because the Sheriff is an individual and the County Commission of Preston County is a political subdivision, and further because it has been stipulated by the Plaintiff that at least eighty percent (80%) of Defendants' employees are subject to federal wage and hour law, the Court finds

---

**4.** The appellant also argues that the basic premise in *Adkins* that there is no bona fide reason for the omission of the state and its political subdivisions from the exemption language in W.Va.Code § 21–5C–1(e) is false. According to the appellant, the Legislature must have wanted to provide public employees with greater rights than those found in federal law. However, footnote 7 of *Adkins*, 191 W.Va. at 320, 445 S.E.2d at 503, indicates that the Court was cognizant of this possible rationale when it rendered its opinion.

**5.** The appellees' proposed findings of fact and conclusions of law provides that "this Court concludes that eighty percent (80%) of the persons employed by the County Commission of Preston County, West Virginia, and Sheriff Crites are subject to a Federal Act relating to minimum wage, maximum hours and overtime compensation."

and concludes that the Defendants are not "employers" within the meaning of that term as it is utilized in the minimum wage and hour provisions of West Virginia Code section 21–5C–1 et seq.

We believe that the appellant's stipulation and the circuit court's findings of fact do not clearly indicate whether 80% of the Preston County Commission's employees are subject to federal wage and hour laws. The County Commission, not the Sheriff, is a political subdivision for purposes of W.Va.Code § 21–5C–1(e) and its exemption. Therefore, in order to fall under the exemption in W.Va. Code § 21–5C–1(e), 80% of the County Commission's employees, not the Sheriff's employees, must be subject to a federal act relating to minimum wage, maximum hours and overtime compensation.

Significantly, the County Commission's employees are not limited to employees of the Sheriff. Rather, County Commission employees include employees of the various elected county officials including the county clerk, circuit clerk, county assessor, and prosecuting attorney. *See Fury v. County Court of Wood Co.*, 608 F.Supp. 198, 199 (S.D.W.Va. 1985) ("as a general proposition the County Commission *and* the individual elected county officials are joint employers of those employees in the various county offices"). Pursuant to W.Va.Code § 7–7–7 (2000), these elected county officials hire employees "by and with the advice and consent of the county commission[.]" On remand, the circuit court is to receive evidence and make a finding of fact concerning whether 80% of the County Commission's employees are covered under federal wage and hour laws.

## IV.

### CONCLUSION

For the reasons stated above, we reverse the circuit court's grant of summary judgment on behalf of the appellees. On remand, the circuit court is to determine whether 80% of the employees of the Preston County Commission are subject to any federal act relating to minimum wage, maximum hours and overtime compensation. Therefore, this case is reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded.

Chief Justice DAVIS, deeming herself disqualified, did not participate in the decision of this case.