566 S.E.2d 614

**Thomas Lee SMITH, Plaintiff Below, Appellant,**

v.

**Mark Allen BURDETTE and City of St. Albans, A West Virginia Municipal Corporation, Defendants Below, Appellees.**

No. 30101.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 27, 2002.

Decided June 13, 2002.

R. Edison Hill, Esq., Kelli B. Hill, Esq., Hill, Peterson, Carper, Bee & Deitzler, Charleston, West Virginia, Attorneys for Appellant.

Jeffrey K. Phillips, Esq., Teresa Lewis Matney, Esq., Ancil G. Ramey, Esq., Steptoe & Johnson, Charleston, West Virginia, Attorneys for Appellees.

STARCHER, Justice:

The appellant, Thomas Lee Smith, appeals an order of the Circuit Court of Kanawha County granting a motion for summary judg-

ment in favor of the appellees, Mark Allen Burdette and the City of St. Albans. The appellant argues that the circuit court erred in finding that the City of St. Albans had political subdivision immunity when an on-duty city police officer's cruiser collided with another vehicle. We agree with the appellant and reverse the circuit court's entry of summary judgment and remand the case for a trial on the merits of the appellant's claim against the City.

## I.

### Facts & Background

On August 10, 1997, City of St. Albans police officer Mark Allen Burdette was responding to a call concerning a possible breaking and entering at a grocery store that was closed for the evening. Officer Burdette drove his cruiser through a red light at an intersection near the St. Albans Mall and collided with the appellant's van. In his complaint, the appellant alleged that Officer Burdette negligently and/or recklessly traveled through the red light.

In granting summary judgment in favor of the appellees, the circuit court found that Officer Burdette was immune from the appellant's claim because: (1) he was acting within the scope of his employment when the accident occurred; (2) there was no evidence that Officer Burdette acted maliciously, in bad faith, or in a wanton or reckless manner; and (3) his conduct did not violate clearly established laws.

The circuit court also found that the City of St. Albans was entitled to political subdivision immunity. The circuit court reasoned that the City was immune under the Governmental Tort Claims and Insurance Reform Act because Officer Burdette's actions were a "method of providing police protection." W.Va.Code, 29–12A–5(a)(5) [1986].

After finding both Officer Burdette and the City of St. Albans immune, the circuit

court dismissed the appellant's claim and entered an order for summary judgment in favor of the appellees.

The appellant appeals only his claim against the City of St. Albans, and does not contest the circuit court's determination that Officer Burdette is entitled to immunity under the facts of this case.

## II.

### Standard of Review

■ This Court has consistently held that "[a] circuit court's entry of summary judgment is reviewed de novo." Syllabus Point 1, Painter v. Peavy, 192 W.Va. 189, 451 S.E.2d 755 (1994).

## III.

### Discussion

At issue in this case is whether the circuit court erred in finding that the City of St. Albans was immune from liability pursuant to the Governmental Tort Claims and Insurance Reform Act, W.Va.Code, 29–12A–1, et. seq. [1986].

■ In West Virginia, political subdivisions such as the City of St. Albans have limited statutorily-created immunity from lawsuits. "The general rule of construction in governmental tort legislation cases favors liability, not immunity. Unless the legislature has clearly provided for immunity under the circumstances, the general common-law goal of compensating injured parties for damages caused by negligent acts must prevail." Syllabus Point 2, Marlin v. Bill Rich Const., Inc., 198 W.Va. 635, 482 S.E.2d 620 (1996). Pursuant to W.Va.Code, 29–12A–4(c) [1986],[1] a political subdivision is generally liable for damages caused by the negligent acts of its employees when the employees are acting within the scope of their employment.

---

1. W.Va.Code, 29–12A–4(c) [1986] provides, in pertinent part, that:

    (1) Except as otherwise provided in this article, political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent operation of any vehicle by their employees when the employees are engaged within the scope of their employment and authority.

    (2) Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment.

There are, however, several specific exceptions to this general rule of liability.

■ Pertinent to the instant case, *W.Va. Code*, 29–12A–5(a)(5) [1986],[2] as interpreted by this Court, provides that a political subdivision is immune from liability if a loss or claim results from "the method of providing police protection." This Court has discussed the meaning of the phrase "the method of providing police protection" in *Beckley v. Crabtree*, 189 W.Va. 94, 428 S.E.2d 317 (1993), *Mallamo v. Town of Rivesville*, 197 W.Va. 616, 477 S.E.2d 525 (1996), and *Westfall v. City of Dunbar*, 205 W.Va. 246, 517 S.E.2d 479 (1999) (*per curiam*). "The phrase 'the method of providing police, law enforcement or fire protection' contained in *W. Va.Code*, § 29–12A–5(a)(5) refers to the formulation and implementation of *policy* related to how police, law enforcement, or fire protection is to be provided." Syllabus Point 3, *Beckley v. Crabtree*, 189 W.Va. 94, 428 S.E.2d 317 (1993) (emphasis added).

Quoting the Texas Supreme Court in *Beckley*, this Court stated that:

The term "method" is defined as "a procedure or process for attaining an object" and as an "orderly arrangement, development or classification." ... The term is synonymous with the words "mode," "plan," "design," or "system." ... Thus, the "method" of performing an act refers to the *decision* or *plan* as to how the act is to be performed. Similarly, the "method of providing police or fire protection" refers to the governmental decisions as to how to provide police or fire protection.

*Beckley v. Crabtree*, 189 W.Va. at 97, 428 S.E.2d at 320 (internal citations omitted *quoting State v. Terrell*, 588 S.W.2d 784, 788 (Texas 1979)).

In *Beckley*, this Court found that a county was not immune from liability for injury caused by a deputy's accidental discharge of a gun because the discharge of the gun was not a part of the "method of providing police

protection." In *Mallamo* this Court, in discussing a statute granting immunity for injury resulting from "the method of *implementation* of a police policy," quoted *Jackson v. City of Kansas City*, 235 Kan. 278, 680 P.2d 877, 890 (1984):

[The statute] is aimed at such basic matters as the type and number of fire trucks and police cars considered necessary for the operation of the respective departments; how many personnel might be required; how many and where police patrol cars are to operate; the placement and supply of fire hydrants; and the selection of equipment options. Accordingly, a city is immunized from such claims as a burglary could have been prevented if additional police cars had been on patrol, or a house could have been saved if more or better fire equipment had been purchased. We do not believe [the applicable statute] is so broad as to immunize a city on every aspect of negligent police and fire department operations. Should firemen negligently go to the wrong house and chop a hole in the roof thereof, we do not believe the city has immunity therefor on the basis the negligent act was a part of the method of fire protection.

*Mallamo*, 197 W.Va. at 626, 477 S.E.2d at 535.

Later, in *Westfall*, a *per curiam* opinion, this Court found that injuries caused by a police officer negligently parking his cruiser in the eastbound lane of traffic did not result from the "method of providing police protection" and that the City of Dunbar was therefore not entitled to immunity.

Therefore, while a city may not be held liable for failing to install enough fire hydrants, based on the city's policy decision as to the number of required hydrants, hypothetically, the same city could be held liable if one of the fire hydrants, due to negligent maintenance, in some way injured a person. In the same way, while the City of St. Albans

---

2. *W.Va.Code*, 29–12A–5(a)(5) [1986] provides immunity from the general liability created in *W.Va. Code*, 29–12A–4(c) [1986]. It provides, in pertinent part, that:

(a) A political subdivision is immune from liability if a loss or claim results from:

(5) ... the method of providing, police, law enforcement or fire protection[.]

may be immune from liability for negligence in creating a policy of permitting police officers to drive through red-lighted intersections in emergencies, the City may be held liable if a police officer negligently carries out that policy. In fact, *W.Va.Code*, 17C–2–5 [1971] specifically provides that an emergency vehicle operator *must* exercise caution and due regard as necessary to safely negotiate an intersection. *See Vaughan v. Oates*, 128 W.Va. 554, 37 S.E.2d 479 (1946) (holding that a city ordinance giving authorized emergency vehicles the right of way at an intersection does not relieve an emergency vehicle operator from the duty to operate with reasonable care).

■ Accordingly, we hold that the phrase "the method of providing police, law enforcement or fire protection" contained in *W.Va. Code*, 29–12A–5(a)(5) [1986] refers to the decision-making or the planning process in developing a governmental policy, including how that policy is to be performed. To the extent that the holding of the Court is inconsistent with language in *Beckley v. Crabtree*, 189 W.Va. 94, 428 S.E.2d 317 (1993) and its progeny, the holdings in those cases are hereby modified.

■ Furthermore, *W.Va.Code*, 29–12A–5(a)(5) [1986] does not provide immunity to a political subdivision for the negligent acts of the political subdivision's employee performing acts in furtherance of a method of providing police, law enforcement or fire protection.

■ *W.Va.Code*, 29A–12A–4(c) [1986] provides that a city may be liable for injuries negligently caused by an employee operating a vehicle while acting within the scope of his or her employment. In the instant case, a city police officer allegedly negligently drove a city police cruiser through a red-lighted intersection, colliding with the appellant's vehicle. While *W.Va.Code*, 29–12A–5(a)(5) [1986] provides immunity from liability to a city when an injury results from the method of providing police, law enforcement, or fire protection, this immunity is not available when a political subdivision employee is carrying out a policy, and does so in a negligent manner.

Whether Officer Burdette acted negligently under the circumstances is a question of fact, making summary judgment against the City of St. Albans inappropriate.

## III.

### *Conclusion*

We reverse the circuit court's entry of summary judgment, find that the City of St. Albans is not entitled to immunity under *W.Va.Code*, 29–12A–5(a)(5) [1986], and remand the case for a trial on the merits.

Reversed and Remanded.