## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**The City of Princeton,**
**Defendant Below, Petitioner**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0468** (Mercer County 12-C-544)

**Jeffrey Holcomb,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner The City of Princeton ("City"), by counsel Roberta F. Green and William R. Slicer, appeals the March 7, 2013, order granting the motion to dismiss the City's Chief of Police and denying the City's motion to dismiss and the March 28, 2013, order of clarification regarding the March 7, 2013, order. Respondent, Jeffrey Holcomb, by counsel R. Keith Flinchum, filed his response to which petitioner replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent Holcomb filed his complaint on October 16, 2012, naming Christopher Winkler, at all times relevant to this action a police officer with the City; William L. Harman, the Chief of Police for the City; and the City of Princeton as defendants. Respondent alleged that on March 1, 2011, Winkler attempted to negotiate sexual favors from him and threatened him in numerous ways when respondent failed to comply.[1] Respondent further alleged that Winkler, while engaging in these acts, was in uniform and on duty as a police officer for the City. In his

---

[1]According to the complaint, Winkler encountered respondent in a supermarket parking lot. Winkler allegedly told respondent that if he performed oral sex on Winkler or performed other actions, Winkler would reduce a claimed monetary debt that respondent allegedly owed. Respondent also alleges that Winkler threatened to file felony charges against him that would ruin respondent's life and prevent him from getting a job. Winkler further allegedly told respondent that if respondent performed oral sex on Winkler or performed other actions, Winkler would not contact CPS concerning a separate matter with regard to respondent's mother. Winkler was indicted on two counts of bribery and sexual abuse by a parent, guardian or person in a position of trust on June 14, 2011. According to the complaint in the instant matter, Winkler pled guilty to the felony offense of solicitation of bribery in the Circuit Court of Mercer County.

1

complaint, respondent alleged that both the City and Chief Harman improperly hired and supervised Winkler. Respondent also challenged the sufficiency of the policies in place, recommending additional practices and policies, including a more extensive background check and additional supervision for officers who had suffered traumatic brain injuries.[2]

The City and Chief Harman both filed motions to dismiss asserting qualified and statutory immunity. By order entered on March 7, 2013, the Circuit Court of Mercer County granted Chief Harman's motion to dismiss but denied petitioner's motion to dismiss. On March 28, 2013, the circuit court entered its "Order of Clarification Regarding Order Granting Motion to Dismiss William L. Harman and Denying Motion to Dismiss City of Princeton." In that order, the circuit court found that paragraphs forty through forty-four of the complaint allege conduct arising from the negligent performance of acts by the City's employees while acting within the scope of employment. It went on to find that Count VII of the complaint falls within the range of governmental functions of political subdivisions that can subject the City to liability for damages. Therefore, it reiterated its conclusion in the March 7, 2013, order and denied the City's motion to dismiss and the City's motion to alter or amend the March 7, 2013, order. The City appeals from those orders.

Pursuant to *Jarvis v. West Virginia State Police*, 227 W.Va. 472, 475-76, 711 S.E.2d 542, 545-46 (2010), although the denial of a motion to dismiss for failure to state a claim upon which relief can be granted is interlocutory and not immediately appealable, because the instant order denying the motion to dismiss is predicated on qualified immunity, the order is subject to immediate appeal. "We will review the order to dismiss under a *de novo* standard. *See* Syllabus Point 4, *Ewing v. Board of Educ.*, 202 W.Va. 228, 503 S.E.2d 541 (1998) ('When a party, as part of an appeal from a final judgment, assigns as error a circuit court's denial of a motion to dismiss, the circuit court's disposition of the motion to dismiss will be reviewed *de novo*.')" *Jarvis*, 227 W.Va. at 476, 711 S.E.2d at 546.

On appeal, petitioner asserts a single assignment of error, which it divides into two arguments. First, petitioner asserts that the circuit court failed to construe and correctly apply the immunities of the Governmental Tort Claims and Insurance Reform Act ("the Act"), in the instance of claims that question the method of providing police protection and/or the decision making or the planning process related thereto. Petitioner argues that under the Act, the City is immune from claims challenging the decision making or planning process in developing a governmental policy. In support of its argument, the City cites *Beckley v. Crabtree*, 189 W.Va. 94, 428 S.E.2d 317 (1993), wherein we found that the Act's phrase "the method of providing police, law enforcement or fire protection" refers to the formulation and implementation of policy related to how police, law enforcement, or fire protection should be provided. Syl. Pt. 3, in part, *id.*

In *Smith v. Burdette*, 211 W.Va. 477, 566 S.E.2d 614 (2002), we held that while a city may be immune from liability for negligence in creating a policy of permitting police officers to engage in certain actions, the city may be held liable if an officer negligently carries out that policy. *Id.* at 480-841, 566 S.E.2d at 617-18. West Virginia Code § 29-12A-4(c) states, in part, that

---

[2]Respondent alleges that Winkler suffered a traumatic brain injury prior to March 1, 2011.

a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or any of its employees in connection with a governmental or proprietary function as follows: . . . (2) Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment.

In his complaint, respondent alleged that Chief Harman acted within the scope of his employment with the City when he hired, trained, and supervised police officers, including Winkler. Respondent also alleged that the City is vicariously liable for Chief Harman's acts and/or omissions. In addition, respondent contended that the City was negligent in failing to provide or offer Winkler a psychological evaluation after he suffered a traumatic brain injury; thus, the City did not conduct a reasonable investigation into Winkler's mental status. While respondent set forth allegations in his complaint regarding the "lack of policy" for re-evaluation of officers and policy pertaining to the supervision of officers who suffer from mental health issues, respondent's complaint alleged negligence by City employees in the performance of acts while acting within the scope of their employment. "[Q]ualified immunity, as opposed to absolute statutory immunity, is not an impenetrable shield that requires toleration of all manner of constitutional and statutory violations by public officials. Indeed, the only realistic avenue for vindication of statutory and constitutional guarantees when public servants abuse their offices is an action for damages." *Hutchison v. City of Huntington*, 198 W.Va. 139, 148, 479 S.E.2d 649, 658 (1996).

The second part of the City's argument is that because respondent's claims fall within the immunities provided under the Act, judgment as a matter of law is the appropriate resolution of this matter at this time, prior to discovery. "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Company, Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977) (citation omitted). This Court has historically read the enumerated immunities in the Act in a very limited fashion. *See Randall v. Fairmont City Police Dept.*, 186 W.Va. 336, 347, 412 S.E.2d 737, 748 (1991) (applying the "general rule of construction in governmental tort legislation cases favoring liability, not immunity: unless the legislature has clearly provided for immunity . . . the general common-law goal of compensating injured parties for damages caused by negligent acts must prevail.") There is nothing in the bare complaint in the underlying matter that would lead this Court to construe the enumerated immunities as broadly as the City urges. At a minimum, discovery is needed to determine precisely what the county policies were with regard to the hiring, training, and supervision of the City's officers, including Winkler. Therefore, we find that the circuit court did not err in denying petitioner's motion to dismiss at this juncture.

For the foregoing reasons, we affirm.

Affirmed.

3

**ISSUED:**  November 22, 2013


**CONCURRED IN BY:**

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II


**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis