No. 15-0879   -   *Brenda Albert v. City of Wheeling*

**FILED**

**October 27, 2016**

**released at 3:00 p.m.**
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Davis, Justice, dissenting, joined by Justice Workman:

In this proceeding the circuit court dismissed the plaintiff's complaint under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. The circuit court found as a matter of law that the defendant, City of Wheeling, was absolutely immune from liability "for all claims arising out of or related in any way to fire protection." In order to affirm the circuit court's erroneous ruling, the majority opinion expressly and implicitly overruled precedents, and has rewritten the statute that provides limited immunity for losses caused during the delivery of fire protection. While the majority did not light the torch that caused the tragic fire that destroyed Ms. Albert's home, it nevertheless, through its decision herein, has fanned the flames thus precluding any recovery from Ms. Albert's devastating loss. Because the majority has ignored the settled law which governs this case and for the reasons set out below, I dissent.

On February 14, 2013, the plaintiff's home caught fire, and the City's fire department responded to the fire. The circuit court found that "[t]he Fire Department hoses became clogged by rocks in the Fire department's fire hydrant system." Due to the rock-induced clogged hoses, the plaintiff alleged that the City was negligent in the maintenance

1

of its fire hydrant system.  As a consequence of this negligence, the plaintiff contended that the fire at her "home could not be contained[,] and the house became a total loss."  These allegations, as found in the circuit court's order, have not been disputed.  For the narrow purpose of defeating a motion under Rule 12(b)(6), these facts set out a cause of action.  *See John W. Lodge Distrib. Co. v. Texaco, Inc.*, 161 W. Va. 603, 606, 245 S.E.2d 157, 159 (1978) ("The plaintiffs' burden in resisting a motion to dismiss is a relatively light one.").  Prior to the majority opinion in this case, our law was quite clear in holding that:

> The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Syl. pt. 3, *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 236 S.E.2d 207 (1977).  *See also Collia v. McJunkin*, 178 W. Va. 158, 160, 358 S.E.2d 242, 243-44 (1987) ("Motions to dismiss are generally viewed with disfavor because the complaint is to be construed in the light most favorable to the plaintiff and its allegations are to be taken as true.").  Under the liberal rules of pleading, "we have directed that the motion to dismiss for failure to state a claim should be viewed with disfavor and rarely granted." *Kessel v. Leavitt*, 204 W. Va. 95, 119, 511 S.E.2d 720, 744 (1998) (internal quotations and citation omitted).  *See also Cantley v. Lincoln Cty. Comm'n*, 221 W. Va. 468, 470, 655 S.E.2d 490, 492 (2007) ("A trial court considering a motion to dismiss under Rule 12(b)(6) must liberally construe the complaint so as to do substantial justice.").

2

In order to defeat the plaintiff's properly pled complaint, the circuit court and majority opinion determined that the City was entitled to "absolute" immunity under W. Va. Code § 29-12A-5(a)(5) (1986) (Repl. Vol. 2013). This statute provides that a political subdivision is immune from tort liability if a claim results from "the failure to provide, or the method of providing, police, law enforcement or fire protection." The limited immunity provided under this statute is simply not applicable to the facts alleged in the plaintiff's complaint.

This Court has historically construed the statutory governmental immunities in a very limited fashion. Indeed, we have adopted "the general rule of construction in governmental tort legislation cases favoring liability, not immunity: unless the legislature has clearly provided for immunity under the circumstances, the general common-law goal of compensating injured parties for damages caused by negligent acts must prevail." *Randall v. Fairmont City Police Dep't*, 186 W. Va. 336, 347, 412 S.E.2d 737, 748 (1991). *See also Hose v. Berkeley Cnty. Planning Comm'n*, 194 W. Va. 515, 522, 460 S.E.2d 761, 768 (1995) (same). Here, the plaintiff does not allege that the City failed to provide fire protection nor does she attack the City's policy methods for providing fire protection. In her complaint, the plaintiff set out allegations of negligence in the maintenance of the City's fire hydrant system. The negligence claims asserted by the plaintiff are clearly permitted against the City under W. Va. Code § § 29-12A-4(c)(2) & (3) (1986) (Repl. Vol. 2013), as follows:

3

(2) Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment.

(3) Political subdivisions are liable for injury, death, or loss to persons or property caused by their negligent failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, or free from nuisance, except that it is a full defense to such liability, when a bridge within a municipality is involved, that the municipality does not have the responsibility for maintaining or inspecting the bridge.

In Syllabus point 5 of *Smith v. Burdette*, 211 W. Va. 477, 566 S.E.2d 614 (2002), we recognized that claims of negligence may defeat the limited immunity granted under W. Va. Code § 29-12A-5(a)(5):

*W. Va. Code*, 29-12A-5(a)(5) [1986] does not provide immunity to a political subdivision for the negligent acts of the political subdivisions' employee performing acts in furtherance of a method of providing police, law enforcement or fire protection.

This Court expressly recognized in *Smith* that

while a city may not be held liable for failing to install enough fire hydrants, based on the city's policy decision as to the number of required hydrants, hypothetically, the same city could be held liable if one of the fire hydrants, due to negligent maintenance, in some way injured a person [or property].

*Smith*, 211 W. Va. at 480, 566 S.E.2d at 617. *See also Hill v. City of Houston*, 991 F. Supp. 847, 853 (S.D. Tex. 1998) ("No sovereign immunity exists to protect Defendant from liability

4

for negligent implementation of its fire protection policies." (footnote omitted); *Jenicke v. City of Forest Hill*, 873 S.W.2d 776, 780 (Tex. Ct. App. 1994) ("[A]llegations of negligence [that] arise from carrying out the normal function of protecting a community from fires . . . may form the basis of liability for a governmental unit[.]" (citations omitted).

In order to get around the decision in *Smith*, the majority opinion overruled that 2002 well-reasoned and well-written decision and rewrote W. Va. Code § 29-12A-5(a)(5), so as to make that statute provide absolute immunity from *any* claim involving fire protection (and police protection). However, in Syllabus point 8 of *Randall v. Fairmont City Police Department*, 186 W. Va. 336, 412 S.E.2d 737 (1991) this Court rejected any notion that W. Va. Code § 29-12A-5(a)(5) granted absolute immunity as follows:

> *W. Va. Code*, 29-12A-5(a)(5) [1986], which provides, in relevant part, that a political subdivision is immune from tort liability for "the failure to provide, or the method of providing, police, law enforcement or fire protection[,]" is coextensive with the common-law rule not recognizing a cause of action for the breach of a general duty to provide, or the method of providing, such protection owed to the public as a whole. Lacking a clear expression to the contrary, that statute incorporates the common-law special duty rule and does not immunize a breach of a special duty to provide, or the method of providing, such protection to a particular individual.

Unfortunately, under the majority's ruling, even the special duty cause of action recognized in *Randall* has been overruled. *See Wolfe v. City of Wheeling*, 182 W. Va. 253, 387 S.E.2d 307 (1989) (allowing cause of action to proceed against city because its fire department

failed to respond to a fire at plaintiffs' home). Moreover, the majority decision implicitly

overruled Syllabus point 4 of *Calabrese v. City of Charleston*, 204 W. Va. 650, 515 S.E.2d

814 (1999), where we held:

> The liability for political subdivisions created in *W. Va. Code*, 29-12A-4(c)(3) [1986] includes liability for injury, death, or loss to persons or property caused by a subdivision's negligent failure to keep its sewers and drains open, in repair, or free from nuisance.

*See also Wheeling Park Comm'n v. Dattoli*, 237 W. Va. 275, ___, 787 S.E.2d 546, 553

(2016) ("Thus, it is clear under the statute that a political subdivision is liable under W. Va.

Code § 29-12A-4(c), as a private person would be, for injuries to persons that are

proximately caused by the political subdivisions' negligence in the performance of functions

enumerated in W. Va. Code § 29-12A-4(c)(2)–(4)."); Syl. pt. 3, in part, *Koffler v. City of*

*Huntington*, 196 W. Va. 202, 469 S.E.2d 645 (1996) ("Under W. Va. Code, 29-12A-4(c)(3)

[1986], political subdivisions are liable for injury, death, or loss to persons or property caused

by their negligent failure to keep public roads, highways, streets, avenues, alleys, sidewalks,

bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in

repair, or free from nuisance[.]"); Syl. pt. 7, *Clay v. City of St. Albans*, 43 W. Va. 539, 27

S.E. 368 (1897) ("If a city or town negligently fails to keep its existing drains and gutters

open and clear of obstructions, and in condition to carry off the water in them, and by reason

thereof land is injured from their overflow, the city or town is liable in damages, provided

the overflow is not due to an unusual or extraordinary storm or rainfall.").

6

Finally, the majority opinion completely disregards our prior case law that explained the limitation imposed upon the immunity granted under W. Va. Code § 29-12A-5(a)(5). We addressed that limitation on immunity in Syllabus points 3 and 4 of *Beckley v. Crabtree*, 189 W. Va. 94, 428 S.E.2d 317 (1993), as follows:

> 3. The phrase "method of providing police, law enforcement or fire protection" contained in W. Va. Code, § 29-12A-5(a)(5) refers to the formulation and implementation of policy related to how police, law enforcement or fire protection is to be provided.

> 4. Resolution of the issue of whether a loss or claim occurs as a result of "the method of providing police, law enforcement or fire protection" requires determining whether the allegedly negligent act resulted from the manner in which a formulated policy regarding such protection was implemented.

It is clear that under the decision in *Beckley*, which the majority opinion has implicitly overruled, W. Va. Code § 29-12A-5(a)(5) does *not* provide absolute immunity from losses occurring from negligently provided fire protection. Under *Beckley,* the immunity set out in W. Va. Code § 29-12A-5(a)(5) extends only to negligent acts that resulted from the manner in which a formulated policy regarding fire protection was implemented. In the case *sub judice*, there was no evidence that the City had a policy authorizing the delivery of fire protection through a fire hydrant system clogged by rocks. Through its inexplicable decision herein, the majority has effectively absolved the City for its failure to maintain rock-free water lines, which undoubtedly contributed to the severity of the tragic events in this case. Hopefully, Ms. Albert will nevertheless rise as a phoenix from the ashes left by the majority's

7

misguided and patently wrong opinion.

Based upon the foregoing, I dissent.  I am authorized to state that Justice Workman joins me in this dissenting opinion.